■ PATRICE T. PIRO, Appellant-Respondent, v PHILIP A. PIRO, Respondent-Appellant. — Judgment, Supreme Court, New York County (Gomez, J.), entered on September 26, 1980, which, *inter alia,* granted reciprocal divorces to the parties on the ground of cruel and inhuman treatment, awarded custody of the infant child to the plaintiff wife, directed that the husband pay child support in the amount of $75 per week and directed that the personal property of the parties be divided equally, is unanimously modified, on the law and on the facts, without costs and without disbursements, to the extent of remanding for a hearing before Gomez, J., to consider the issues of visitation, child support and the division of personal property and otherwise affirmed. The parties to this action were married in June, 1976. Approximately two years later, they separated. During the course of their marriage, the plaintiff wife was attending law school, and was later admitted to the practice of law in this State. She is now an associate attorney with a New York law firm. Meanwhile, the defendant husband was attending medical school at Columbia University. Throughout the entire period of this marriage, the parties were supported, substantially, by gifts from the parents of the plaintiff. In July, 1978, the husband accepted a fellowship at Johns Hopkins University, where he is a resident specializing in opthalmology. At the time of this move, the plaintiff was in the last months of pregnancy and refused to accompany her husband to the State of Maryland. The parties only child, a girl, was born August 17, 1978. The wife then commenced this action for divorce and the husband counter-claimed for similar relief. Both actions were predicated on cruel and inhuman treatment. The court awarded reciprocal divorces based on the grounds asserted. Custody of the infant child was given to the plaintiff with "reasonable visitation rights to the defendant". Child support was directed in the amount of $75 per week and the personal property of the parties was to be divided equally. The plaintiff wife appeals from so much of the judgment as limited the child support and determined that such support was not retroactive to the date of commencement of this action. In addition, she argues that the court erred when it directed even distribution of the parties' personal property. The defendant husband cross-appeals from that part of the judgment which awarded child support and directed reasonable visitation, without conducting a hearing. During the course of the trial, counsel for defendant suggested that

the court had predetermined the issue of visitation. The court, to overcome this claim of prejudgment, afforded the parties an opportunity to mutually settle this issue. When an agreement could not be fashioned, the court stated: "[I]f the parties are to have a full blown hearing on this matter, I will gladly give them a hearing, an opportunity for a hearing. Not before me, because at this point I am only deciding legal points; and you can try it to your heart's content." The court went on to say: "I shall give you a right to submit findings. If I find that, in my judgment, the findings are so far apart that the people cannot really agree upon it, I shall bifurcate this case and let the trial for visitation be had by somebody else." The record before this court indicates that the findings of fact and conclusions of law, which were signed by the trial court, had deleted therefrom the reference of visitation to another Justice. The initial inclination of the court to direct a hearing on this issue was correct. Since the parties were unable to agree on the issue of visitation, a hearing should have been conducted. As to the issue of child support, the amount of which appears to this court to be inadequate, more detailed testimony should have been taken with emphasis focused on the ability of the husband to contribute to the support of his child. A hearing on this issue is also directed with an appropriate award to be rendered. In addition, there was substantial dispute at trial concerning the division of personal property of the parties. However, the decretal paragraph of the judgment, which disposed of this issue, directed an equal division of all personalty without reference as to how the property was obtained or in whom title was vested. A new hearing should be held to consider which party is the rightful owner of specific items of the personal property belonging to these parties. In short, major provisions of the judgment now before this court are incapable of proper appellate review. Accordingly, a hearing should be conducted to consider the above-mentioned issues. Concur — Murphy, P.J., Birns, Sandler, Ross and Lynch, JJ.