■ CATHY J. VENZER, Now Known as CATHY FRERKING, Respondent-Appellant, v JACK H. VENZER, Appellant-Respondent.—In a matrimonial action in which the parties were divorced by judgment dated July 2, 1982, the defendant husband appeals from so much of an order of the Supreme Court, Westchester County (Ferraro, J.), entered June 24, 1987, as denied, without a hearing, his application to change the custody provision of the judgment of divorce to grant him sole custody of the parties' child, or, in the alternative, expanded joint custody rights, and the plaintiff cross-appeals from so much of the same order as denied, without a hearing, her cross motion to change the custody provision of the judgment of divorce to grant her sole custody. The appeal brings up for review so much of an order of the same court entered August 3, 1987, as upon reargument, adhered to its original determination with respect to visitation.

Ordered that the appeal from so much of the order entered June 24, 1987 as denied that branch of the husband's motion which was for expanded visitation is dismissed, without costs or disbursements, as that portion of the order was superseded by the order entered August 3, 1987, made upon reargument; and it is further,

Ordered that the order entered June 24, 1987 is otherwise reversed; and it is further,

Ordered that the order entered August 3, 1987 is reversed insofar as reviewed, without costs or disbursements, the provision of the order entered June 24, 1987, as denied that branch of the husband's motion which was for expanded visitation is vacated; and it is further,

Ordered that the matter is remitted to the Supreme Court, Westchester County, for a hearing and new determination in accordance herewith.

The primary concern in a custody proceeding is the best interests of the child (Domestic Relations Law § 240; *Friederwitzer v Friederwitzer*, 55 NY2d 89). Inasmuch as both parents have alleged sufficient facts, which, if proven true, may warrant a change in custody, and neither parent has a prima

facie right to custody (Domestic Relations Law §§ 240, 70), the issue of custody can only be resolved after a full and comprehensive hearing *(Obey v Degling,* 37 NY2d 768; *Anstett v Wolcott,* 94 AD2d 692).

Similarly, with respect to the question of visitation, the paramount consideration is the best interests of the child *(Daghir v Daghir,* 82 AD2d 191, *affd* 56 NY2d 938; *Maggio v Maggio,* 96 AD2d 579), and since both parents have alleged facts, which, if proven true, may, in the best interests of the child, warrant a change in visitation, a hearing on this issue is also required *(see, Piro v Piro,* 82 AD2d 783; *Kresnicka v Kresnicka,* 48 AD2d 929). Thompson, J. P., Bracken, Brown and Sullivan, JJ., concur.