■ VICTORIA MILEWSKI, Respondent-Appellant, v RICHARD C. MILEWSKI, Appellant-Respondent. [602 NYS2d 660] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Nassau County (DiNoto, J.), entered July 23, 1991, which, *inter alia,* directed the equitable distribution of the marital property, and awarded $151.85 per week child support, $350 per week permanent maintenance, and $13,258.80 in counsel fees, and the plaintiff wife cross-appeals, as limited by her brief, from so much of the judgment as directed the immediate sale of the marital residence, failed to award her necessaries, and failed to award her additional child support and counsel fees.

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

Under the circumstances of this case, we agree with the trial court that the financial needs of the parties outweigh the wife's needs as custodial parent of exclusive possession of the marital residence *(see, Behrens v Behrens,* 143 AD2d 617). Additionally, we agree with the trial court that the proceeds from the sale of the marital premises should be divided equally between the parties. Although the defendant testified that he contributed $9,600 of his own money towards the purchase of the premises, no clear proof was introduced to buttress this claim *(see, Pullman v Pullman,* 176 AD2d 113; *Verrilli v Verrilli,* 172 AD2d 990). In addition, the evidence clearly demonstrated that the plaintiff's nonmonetary contributions towards the marriage in caring for the parties' child were as significant as the defendant's monetary contributions *(see,* Domestic Relations Law § 236 [B] [5] [d] [6]).

In reaching its determination on the parties' child support obligations, the trial court properly balanced the special needs of the parties' child against the needs of the defendant's other children in determining to apply the standard child support percentage of 17% of gross parental income *(see,* Domestic Relations Laws § 240 [1-b] [b] [3] [i]; [f] [2], [8]). Exceeding this percentage would have left the defendant with insufficient funds to meet his own needs and those of his other children *(see, Hirschman v Hirschman,* 156 AD2d 644).

As the trial court noted, the reality of the plaintiff's situa-

tion is that she will be required to care for the child for the rest of her life. Under these circumstances, we find no impropriety in the court's having exercised its discretion in awarding permanent maintenance in the amount of $350 per week.

The trial court was not required to consider the tax consequences when it awarded the plaintiff one-half of the marital portion of the defendant's pension and stock plans because the defendant failed to present any evidence on the issue *(see, Maloney v Maloney,* 137 AD2d 666; *cf., De La Torre v De La Torre,* 183 AD2d 744).

We have examined the parties' remaining contentions and find them to be without merit. Mangano, P. J., Sullivan, Miller and Pizzuto, JJ., concur.