■ PATRICIA A. LANG, Appellant-Respondent, v MICHAEL L. LANG, Respondent-Appellant. [655 NYS2d 403] —In a matrimonial action in which the parties were divorced by a judgment dated April 2, 1989, the plaintiff mother appeals, as limited by her brief, from stated portions of an order of the Supreme Court, Queens County (LeVine, J.), dated December 15, 1995, which, upon renewal, *inter alia*, adhered to so much of a prior determination as granted that branch of the defendant father's motion which was for a temporary downward modification of his child support obligation. The father cross-appeals, as limited by his brief, from so much of the same order as, upon renewal, adhered to so much of the prior determination as denied those branches of his motion which were for a change of custody and to appoint a Law Guardian for the child.

Ordered that the order is modified by deleting the provisions thereof which adhered to so much of the prior determination

as denied those branches of the father's motion which were for a change of custody and to appoint a Law Guardian for the child, and substituting therefor a provision granting that branch of his motion which was to appoint a Law Guardian for the child; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the father, and the matter is remitted to the Supreme Court, Queens County, for a hearing in accordance herewith.

On the facts of this case, the court properly granted that branch of the father's motion which was for a temporary downward modification of his child support payments in light of the recent post-retirement injury sustained by him which hindered his ability to find adequate employment (*see, Matter of Brescia v Fitts*, 58 NY2d 132). We note, however, that contrary to the father's contention, his retirement from military service appears to have been voluntary.

The mother contends, *inter alia*, that the court erroneously directed that at the expiration of the temporary modification of the father's child support payments, his child support obligations would "return to the amount ordered pursuant to the parties' judgment of divorce". Apparently, the parties have read this provision to mean that the father's child support obligation would return to the amount of $375. The parties' judgment of divorce, however, incorporated by reference their separation agreement which set forth adjustments to the father's child support obligations according to a formula based on the Consumer Price Index. The parties resolved at arbitration the amount of the adjustments to the father's child support obligations pursuant to the terms of the separation agreement. Accordingly, at the expiration of the temporary modification of the father's child support payments, his child support obligations should return to the amount of $375 as adjusted by the terms of the parties' separation agreement and pursuant to the terms of the arbitration.

The father moved for a change of custody based on allegations of the mother's unfitness and her interference with his relationship with the child. Although these allegations find some support in the record in the form of letters claimed to have been written by the child, the court failed to conduct a hearing to provide it with the necessary information to enable it to make an informed custody determination. Accordingly, the matter is remitted for a hearing to determine what is in the best interests of the child (*see, Matter of DiMedio v DiMedio*, 233 AD2d 394; *Young v Young*, 212 AD2d 114). Further, a Law Guardian should be appointed for the child at the hearing (*see, Koppenhoefer v Koppenhoefer*, 159 AD2d 113).

The parties' remaining contentions are without merit. O'Brien, J. P., Thompson, Joy and Florio, JJ., concur.