(July 14, 1997)

■ BARRY APPEL, Respondent, v ESTHER APPEL, Appellant. [661 NYS2d 24] —In a matrimonial action in which the parties

were divorced by judgment dated July 10, 1992, the defendant mother appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Rigler, J.), dated April 10, 1995, as denied her application to modify the judgment of divorce and the underlying stipulation of settlement to the extent of awarding her sole custody of the children and for a de novo child support determination, and directed her to instruct the infant issue of the marriage not to call any other person other than the plaintiff father, "Daddy", "Tatty", or "Abba".

Ordered that the order is modified by deleting the provision thereof which denied the defendant mother's motion for change in custody and a de novo child support determination; as so modified the order is affirmed insofar as appealed from, with costs to the defendant, and the matter is remitted to the Supreme Court, Kings County, for a hearing on the issues of custody and child support in accordance herewith.

It is well established that the primary concern in any custody proceeding is the best interests of the child (see, Domestic Relations Law § 240; Eschbach v Eschbach, 56 NY2d 167; Friederwitzer v Friederwitzer, 55 NY2d 89). Although a parent who seeks a change of custody is not automatically entitled to a hearing (see, Matter of Miller v Lee, 225 AD2d 778), where he or she has made a sufficient evidentiary showing, the issue of a change in custody should only be resolved after a full and comprehensive hearing (see, Venzer v Venzer, 144 AD2d 552). In the instant case, it was an improvident exercise of discretion to deny the mother's motion for a change of custody without a hearing, since the court had previously granted her prior request for a hearing (which the mother had apparently withdrawn "without prejudice") based upon essentially the same factual allegations. Accordingly, the matter is remitted for a hearing to determine what is in the best interests of the children (see, Lang v Lang, 237 AD2d 257).

Insofar as the issue of child support is concerned, the stipulation of settlement entered into by the parties, and the judgment of divorce incorporating said stipulation, failed to specify the amount of basic child support pursuant to the Child Support Standards Act, and further, failed to state the reason or reasons that the stipulation did not provide for payment of that amount (see, Domestic Relations Law § 240 [1-b] [h]). As such, it cannot be said that the mother's decision to opt out of the Child Support Standards Act support guidelines was made knowingly. Accordingly, this matter must also be remitted to the Supreme Court on the issue of child support, including the

mother's awareness of the Child Support Standards Act at the time the stipulation was executed *(see, Gonsalves v Gonsalves,* 212 AD2d 932, 934).

The mother's remaining contention is without merit. Joy, J. P., Goldstein, Florio and Luciano, JJ., concur.