■ JULIET A. WILLETS, Appellant-Respondent, v DAVID WILLETS, Respondent-Appellant. [668 NYS2d 623] —Judgment, Supreme Court, New York County (Lewis Friedman, J.), entered November 14, 1996, *inter alia*, equitably distributing the parties' property, unanimously affirmed, without costs.

Concerning the wife's appeal in this action involving a marriage of four years duration, we agree with the trial court that there should be no award to her for nondurational maintenance or loss of earning capacity (*see, Wilson v Wilson*, 101 AD2d 536, 541-542, *lv denied* 64 NY2d 607), that the husband's skills existed prior to the marriage, and that his employment during the marriage did not enhance his postmarriage earning capacity. There is therefore no merit to the wife's claim that the Domestic Relations Law violates her right to equal protection in not considering the husband's on-the-job training as earning-enhancement marital property. We also agree with the trial court that the husband's retirement stock options and incentive stock options were awarded for his premarital work performance on certain deals; that the husband paid for the marital home with separate, premarital funds, and that no net assets were available for purposes of equitable distribution following the sale of the home and a credit to the husband for his separate funds (*see, Lagnena v Lagnena*, 215 AD2d 445); that the husband did not engage in conduct so egregious as to warrant consideration in the distribution (*see, O'Brien v O'Brien*, 66 NY2d 576, 589-590; *compare, Brancoveanu v Brancoveanu*, 145 AD2d 395, 398-399, *lv dismissed* 73 NY2d 994); that the award of $75,000 in legal fees was sufficient to enable the wife to defend the action (*see, DeCabrera v Cabrera-Rosette*, 70 NY2d 879, 881); and that there should be no award for expert fees (*cf., O'Brien v O'Brien, supra*, at 590). Concerning the husband's appeal, we agree with the trial court that the evidence demonstrated that his premarital payment of the mortgage on the wife's New Jersey property, and his premarital purchase of Manhattan apartments in the parties' joint names, constituted gifts (*see, Jolis v Jolis*, 111 Misc 2d 965, *affd* 98 AD2d 692), and that there could be no retroactive credit for overpayment of temporary maintenance attributable to the wife's return to work during the pendency of the action (*see, Petek v Petek*, 239 AD2d 327). We have considered the parties' remaining claims for affirmative relief and find them to be without merit. Concur—Ellerin, J. P., Nardelli, Mazzarelli and Andrias, JJ.