■ ANNE-MARIE NORDGREN, Appellant, v JAMES F. NORDGREN, Respondent. [695 NYS2d 588] —In an action for a divorce and ancillary relief, the plaintiff wife appeals from an order of the Supreme Court, Westchester County (Shapiro, J.), dated March 11, 1998, which denied her motion to vacate the parties' stipulation of settlement.

Ordered that the order is affirmed, with costs.

The plaintiff contends that the parties' stipulation must be vacated because it failed to specify the amount of basic child support under the Child Support Standards Act guidelines, or recite the reason why the stipulation did not provide for payment of that amount, as is required when a stipulation varies from the guidelines (*see,* Domestic Relations Law § 240 [1-b] [h]; *Appel v Appel,* 241 AD2d 470; *Gonsalves v Gonsalves,* 212 AD2d 932, 934). We note, however, that the plaintiff does not assert that the stipulation varies from the guidelines, although

the record amply demonstrates that the plaintiff was aware of the guidelines.

With respect to the plaintiff's claim that the stipulation of settlement should be vacated because it was not reduced to a writing signed by the parties and acknowledged, CPLR 2104 provides that, other than an agreement between counsel in open court, an agreement between parties or their attorneys relating to any matter in an action is not binding unless it is in a writing subscribed by the party or his or her attorney or reduced to the form of an order and entered. Here, the agreement was made in open court between counsel with the parties present. Therefore, there was no necessity that it be reduced to a writing and signed. Further, to the extent that the plaintiff relies upon *Matisoff v Dobi* (90 NY2d 127) to support her position, "there is nothing in *Matisoff v Dobi* (90 NY2d 127), which indicates that the Court of Appeals intended to abrogate [the] well-settled law or CPLR 2104" (*Natole v Natole,* 256 AD2d 558, 559).

The plaintiff's remaining contentions are either without merit or are academic. Altman, J. P., Krausman, H. Miller and Schmidt, JJ., concur.