■ DEBORAH R. BLENK, Appellant-Respondent, v ANTHONY BLENK, Respondent-Appellant. DEBORAH R. BLENK, Appellant, v ANTHONY BLENK, Respondent. [775 NYS2d 294]—

Judgment, Supreme Court, New York County (Marjory Fields, J.), entered August 22, 2002, which, to the extent appealed and cross-appealed from as limited by the briefs, directed that defendant husband recover the purchase price upon sale of the marital cooperative apartment; that plaintiff pay 25% of the parties' child's basic living expenses, therapeutic/educational expenses, and uncovered health care expenses; that plaintiff was not entitled to spousal maintenance payments; and that the parties' marital investment assets be valued as of the day the trial on equitable distribution ended, unanimously modified, on the law: (1) to vacate that portion of the judgment entitling defendant to recover the purchase price of the marital cooperative apartment and to substitute therefor the direction that any proceeds from the sale of the apartment be divided equally between the parties and that neither party will be entitled to a credit for expenditures made for maintenance or renovation of the marital apartment; (2) to direct the appointment of an educational evaluator to assess the child's ability to go to school; (3) to hold a hearing on the issue of whether there is a suitable school program within the vicinity of the child's home; and (4) for reconsideration of the issue of spousal maintenance in light of the evidence adduced at the hearing concerning the demands on plaintiff's time, and otherwise affirmed, without costs. Order, same court (Judith Gische, J.), entered June 13, 2003, which, to the extent appealed from as limited by the brief, granted defendant's postjudgment cross motion to enforce the visitation provisions of the judgment of divorce by directing that defendant be allowed unsupervised visitation with the child following a phase-in period, unanimously reversed, on the law and the facts, without costs, and the matter remanded for appointment of a forensic psychiatrist to conduct evaluations, and for a hearing, respecting: whether defendant is "able to apply the methods of Applied Behavioral Analysis for supervising the child"; whether defendant will have "the same person," Dr. Goldwein or someone else, accompany him on unsupervised visits; and whether unsupervised visits would be detrimental to the emotional well-being of the child.

The trial court properly concluded that the apartment is exempt from equitable distribution because it was acquired prior to the parties' marriage (*see* Domestic Relations Law § 236 [B] [1] [c], [d] [1]; [5] [b]). However, contrary to the court's conclusion, defendant is not entitled to reimbursement for the entire purchase price of the apartment upon the eventual sale of the unit, since the documentary and testimonial evidence

established, and indeed the court found, that defendant's premarital purchase of the apartment in the parties' joint names constituted a gift to plaintiff of a one-half interest in the premises (*see Willets v Willets*, 247 AD2d 288, 289 [1998]). We, accordingly, modify the judgment to provide that the parties will be entitled to share equally in any proceeds from the apartment's eventual sale.

The court properly exercised its discretion (*see Mark-Weiner v Mark*, 1 AD3d 158 [2003]) in directing defendant and plaintiff to pay 75% and 25%, respectively, of the child's basic expenses, therapeutic/educational expenses, and other uncovered health care expenses. Notwithstanding the uncertain employment/income prospects of the parties, the court properly imputed income to each, and the court's findings were reasonable (*see id.*).

Since it is undisputed that the stock market decline in recent years adversely affected the value of defendant's investments and it appears that defendant's withdrawals from his accounts had been applied to necessities, not other investment options, the court properly ruled that the investment assets would be valued as of the end of the trial.

Moreover, the record does not demonstrate that either party is entitled to credits for expenditures made for maintenance or renovation of the marital apartment.

We direct the appointment of an educational evaluator to assess the child's ability to attend a full-time school-based program, and we remand for a hearing on the issue of whether there is a suitable program with an opening within the vicinity of the child's home. To date, the child is being home-schooled under her mother's care. Though respondent and the trial court have asserted that the child will soon be enrolled in school, it is unclear from the present record whether this is a realistic prediction.

Further, after rendering a determination as to the viability of school placement, the court should revisit the issue of spousal maintenance. Although plaintiff formerly had her own ophthalmology practice, a career which she may be able to reestablish, "the reality of [her] situation [may be] that she will [instead] be required to care for the child for the rest of her life" (*Milewski v Milewski*, 197 AD2d 562, 562-563 [1993]). The evidence elicited at the hearing on school placement is necessary to make an informed determination of whether an award of durational or permanent maintenance is appropriate (*see id.*).

Finally, regarding the postjudgment order, we find the record unclear as to whether defendant has complied with the condi-

tions for unsupervised visitation as set forth in the visitation order and judgment of divorce, and we direct a separate hearing to determine this issue. Given the conflicting views of the source of the apparently awkward relationship between father and daughter, there is a discernible legitimate purpose for the appointment of a forensic psychiatrist (cf. *Kaplansky v Kaplansky*, 212 AD2d 667, 668 [1995]), and a hearing should be held to determine whether unsupervised visits would adversely affect the child's emotional well-being (*see Piro v Piro*, 82 AD2d 783 [1981]). Concur—Buckley, P.J., Mazzarelli, Saxe and Sullivan, JJ.