■ MARIA ALVERANGA-DURAN, Appellant, v NEW WHITEHALL APARTMENTS, L.L.C., Respondent. [836 NYS2d 24]—

Order, Supreme Court, New York County (Jane S. Solomon,

J.), entered on or about September 25, 2006, which dismissed plaintiff's complaint at a pretrial conference for noncompliance with prior pretrial conference directives, unanimously reversed, on the facts, without costs, the complaint reinstated, the matter restored to the calendar and remanded for imposition of alternative sanctions.

In June 2004, plaintiff tenant commenced an action against defendant landlord for negligence and breach of warranty of habitability. On or about February 14, 2006, following joinder of issue and partial discovery, plaintiff filed a note of issue. Defendant thereupon moved to vacate the note of issue, alleging that discovery had not been completed. The IAS court adjourned the motion to May 8 to give the parties the opportunity to complete discovery. On that date, although discovery was still not completed, defendant withdrew its motion. The court directed that all remaining discovery matters be concluded by June 30, 2006.

Two scheduled pretrial conferences were adjourned because of the absence of one or both attorneys. On August 21, both attorneys appeared for a pretrial conference, at which time it was noted that plaintiff had still not taken defendant's deposition. The court signed an order directing another pretrial conference to be held on September 25. The order further directed plaintiff to take defendant's deposition before September 22, or the deposition would be considered waived. The order also required plaintiff's counsel to make a settlement demand prior to the conference and to have CPLR 3101 (d) expert disclosure ready to serve on defendant at the September 25 conference.

At that pretrial conference, plaintiff was represented by a per diem attorney who had no connection with plaintiff's counsel's firm and had no authority to act on the latter's behalf. The court was informed that plaintiff's counsel of record had contacted defendant's counsel on September 21 concerning defendant's deposition, but had not scheduled or taken it. Moreover, plaintiff's counsel did not make a settlement demand or serve the expert disclosure required under CPLR 3101 (d). The per diem attorney had neither such documents nor authority to make a settlement demand. Citing plaintiff's default in complying with the court order of August 21, 2006, and her failure to be represented in court by knowledgeable counsel, the court issued an order dismissing the complaint pursuant to CPLR 3404.

On October 10, 2006, plaintiff's counsel moved to vacate the dismissal order of September 25, arguing, inter alia, that he could not provide the expert disclosure because defendant's deposition had not been taken. Defendant opposed the motion, stat-

ing that its deposition had been scheduled on three separate occasions, all of which were adjourned at plaintiff's request. The court denied the motion to vacate.

The dismissal order is not appealable as of right because it did not decide a motion made on notice (CPLR 5701 [a] [2]), and the record is devoid of any subsequent motion to vacate that would have properly placed the issue before this Court (*Serradilla v Lords Corp.*, 12 AD3d 279 [2004]). However, in the interest of judicial economy, we, nostra sponte, deem the notice of appeal to be a motion for leave to appeal, and grant such leave (*Milton v 305/72 Owners Corp.*, 19 AD3d 133 [2005], *lv denied* 7 NY3d 778 [2006]).

A court is vested with broad discretion to control its calendar and supervise disclosure in order to facilitate the resolution of cases (*SKR Design Group, Inc. v Avidon*, 32 AD3d 697, 699 [2006]). Moreover, section 202.26 of the Uniform Rules for Trial Courts (22 NYCRR) gives a court broad authority to issue appropriate pretrial orders and authorizes the court to deem the failure to comply with such orders a default, permitting dismissal of the case as abandoned pursuant to CPLR 3404.

Clearly, plaintiff's counsel repeatedly failed to conduct defendant's deposition and committed other discovery violations. However, counsel was never warned that continued noncompliance would result in a sua sponte dismissal of the action. While specific sanctions against plaintiff's counsel for his conduct (*see e.g.* 22 NYCRR subpart 130-2) are appropriate, the dismissal of the complaint, where plaintiff apparently bore no responsibility for her counsel's actions, is too drastic a remedy under these circumstances. Accordingly, we remand for the imposition of a less drastic sanction. Concur—Friedman, J.P., Nardelli, Sweeny, McGuire and Malone, JJ.