█ R.S., Respondent, v B.L., Appellant. [57 NYS3d 146]—

Judgment of divorce, Supreme Court, New York County (Ellen Gesmer, J.), entered April 15, 2015, and bringing up for review an order, same court and Justice, entered on or about January 26, 2015, which, after a nonjury trial, resolved the parties' financial issues ancillary to the divorce, unanimously affirmed, without costs.

The parties were married in 1987, and there are two children of the marriage, born in 1994 and 1996, respectively. On or about January 4, 2012, the husband commenced this action for a divorce and ancillary relief. After a 21-day nonjury financial trial, the Supreme Court, inter alia, found that the parties' nonretirement assets had precipitously declined by approximately $1.6 million, largely due to the wife's lavish spending postcommencement and the parties' legal fees. The court, inter alia, distributed the parties' nonretirement assets, including real property and the husband's partnership interest at his law firm, 35% to the wife and 65% to the husband. The parties' retirement assets, including a lifetime annuity payable upon the husband's retirement, were distributed equally. The wife was awarded declining maintenance for eight years, taking

into account her imputed income, so as to provide her with $35,000 of taxable income per month. As for child support, the court applied a cap on combined parental income of $350,000, with the wife paying a pro rata share of 17% and the husband paying 83%, except for educational expenses, which were apportioned 35% to the wife and 65% to the husband.

Contrary to the wife's contention, the court properly imputed income to her based on the testimony and report of the husband's vocational expert. Although the Ivy-League educated wife left full-time work as a lawyer in 1999 to raise the parties' children, she nevertheless maintained her law license, continued to engage in professional activities, and did consulting work. Prior to commencement of the action, she was accepted to the Scheinman Institute on Conflict Resolution at Cornell University for an arbitration program and was appointed as an arbitrator for the United Federation of Teachers and New York City Department of Education § 3020-a Hearing Panel, where she rendered a 90-page decision upheld by the Supreme Court. Moreover, the court properly precluded the wife, who suffered from three psychiatric hospitalizations in the year preceding the trial, from introducing testimony from a mental health evaluator about her ability to work. The wife waived such expert testimony pursuant to a so-ordered stipulation entered into by the parties (*see Alveranga-Duran v New Whitehall Apts., L.L.C.*, 40 AD3d 287 [1st Dept 2007]; *see generally Gibbs v St. Barnabas Hosp.*, 16 NY3d 74, 81 [2010]). Accordingly, there is no basis to disturb the court's award of maintenance to the wife.

Based on the foregoing, the court properly imputed income to the wife in determining her pro rata share of child support. As well, the court providently exercised its discretion in applying a combined income cap of $350,000 based on the children's actual needs, rather than the husband's income (*see Matter of Culhane v Holt*, 28 AD3d 251, 252 [1st Dept 2006]).

Turning to equitable distribution, the court providently exercised its discretion in distributing the parties' total nonretirement marital assets, including the values of the husband's partnership interest and the parties' real property, 35% to the wife and 65% to the husband, the net effect of which was to award the wife between 40 to 45% of the parties' liquid assets, as she would have only been entitled to a smaller percentage of the husband's partnership interest if it were distributed separately (*see e.g. Sutaria v Sutaria*, 123 AD3d 909 [2d Dept 2014]; *Charap v Willett*, 84 AD3d 1000, 1002-1003 [2d Dept 2011]).

It was an appropriate exercise of discretion to allocate college costs in accordance with the equitable distribution division of nonretirement assets (35%), as opposed to the division of child support expenses (17%). "[E]ducational expenses are not necessarily prorated in the same percentage as each parent's income bears to the combined parental income" (*Castello v Castello*, 144 AD3d 723, 728 [2d Dept 2016]).

The court did not abuse its discretion in using a valuation date of September 30, 2013, the date the trial ended, under the circumstances of this case.* "[T]he appropriate date for measuring the value of marital property has been left to the sound discretion of the trial courts, which should make their determinations with due regard for all of the relevant facts and circumstances" (*McSparron v McSparron*, 87 NY2d 275, 287 [1995]; *Blenk v Blenk*, 6 AD3d 283, 285 [1st Dept 2004] [affirming end of trial valuation date for assets that had declined in value]).

The court properly equalized the parties' retirement assets to effect a 50%/50% split by transferring $402,380 from the husband's 401 (k) to the wife, with the remaining retirement assets staying in the possession of the individual title holder. The court properly denied the wife's request for 50% of the husband's Capital C account. The account is not cash, as the wife suggests, but part of the approximately $313,844 annuity benefit. It should be noted that the husband must survive to age 65 to be entitled to the benefit. Finally, the court properly found that the property held by the insurance trust belongs to the trust, not the marital estate, and therefore is not subject to distribution (*see Markowitz v Markowitz*, 146 AD3d 872, 873-874 [2d Dept 2017]).

We have considered the remaining arguments and either find them unavailing or need not reach them in light of our decision. Concur—Sweeny, J.P., Mazzarelli, Moskowitz, Manzanet-Daniels and Kapnick, JJ.

---

* It may be noted that although testimony concluded on August 23, 2013, the parties appeared on September 30, 2013 for arguments and the rendering of evidentiary rulings. We accordingly refer to the latter date as the "end of trial." There is nothing in the record in any event to show a material difference between values as of August 2013 and September 2013.