■ MARLENE R. GAETANO, Respondent, v FRANK GAETANO, JR., Appellant. — In a matrimonial action, in which plaintiff wife had previously been granted a divorce, the defendant husband appeals from (1) an order of the Supreme Court, Suffolk County (McInerney, J.), dated September 23, 1982, which, without a hearing, (a) granted plaintiff's motion for (i) a judgment of $19,800, representing arrears in child support payments accrued under the parties' divorce decree; (ii) an income deduction order; and (iii) counsel fees, and (b) denied defendant's cross motion to (i) set aside the child support provisions in the parties' divorce decree; (ii) relieve him from the claimed arrears; or (iii) in the alternative, modify the divorce decree so as to reduce the child support payment provisions; (2) an order of the same court, dated October 26, 1982, which granted plaintiff wife's request for an income deduction order; and (3) a judgment of the same court, dated October 26, 1982, which granted the wife a judgment of $20,300, representing child support payment arrears and counsel fees, and denied defendant husband's cross motion. Appeal from the order dated September 23, 1982, dismissed, without costs or disbursements (*Matter of Aho,* 39 NY2d 241, 248). Order and judgment, both dated October 26, 1982, reversed, without costs or disbursements, order dated September 23, 1982 vacated and matter remitted to Special Term for further proceedings in accordance herewith. Under the circumstances of this case, and in view of the nature of the defendant husband's specific allegations concerning his execution, without the benefit of independent counsel, of a stipulation of settlement (which stipulation was incorporated but not merged into the parties' divorce decree), it was improper for Special Term to have denied defendant husband's request to set aside the child support provisions of the divorce decree on the basis of conflicting affidavits without first conducting an evidentiary hearing (see *Pisano v Pisano,* 71 AD2d 670). "If, in fact, it should ultimately be established that the stipulation of settlement must be vacated, it would then be appropriate for Special Term to reopen so much of the judgment of divorce as was predicated upon its terms (i.e., its economic provisions), and permit the defendant to appear and be heard on those issues" (*Pisano v Pisano, supra,* p 670; see Domestic Relations Law, § 240). Moreover, the hearing should encompass, if necessary, and with due regard for the present financial and family circumstances of both parties, the claims raised by plaintiff wife's motion and the remaining claims set forth in defendant husband's cross motion. Damiani, J. P., Thompson, O'Connor and Niehoff, JJ., concur.