■ CHERYL M. HUGEL, Appellant, v JAMES M. STEWART, Respondent.—Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff commenced this proceeding for a judgment of arrears in child support pursuant to Domestic Relations Law § 244. Defendant did not dispute plaintiff's assertion that the amount of unpaid support owed pursuant to the judgment of divorce amounted to $21,580 or that a prior judgment of arrears in the sum of $2,210, plus costs, remained unpaid. Defendant contends, however, that Family Court's February 1982 order dismissing plaintiff's application for enforcement of support automatically suspended or terminated his duty to pay support while he remained unemployed.

Supreme Court erred in finding that the 1982 order suspended or terminated the support obligation. The Family Court Judge stated that dismissal of the petition "doesn't mean that he doesn't owe the money" and "I'm not going to relieve this man of anything." Three years later, the same Judge approved a settlement whereby defendant agreed to pay the Niagara County Department of Social Services a weekly sum for arrears in child support and maintenance accruing subsequent to the 1982 order. Family Court clearly did not intend to suspend, terminate or modify the support obligation. Further, under the circumstances, the court could not have suspended or modified the support order. Section 461 (b) of the Family Court Act expressly authorizes the court, *upon application,* to modify a support order, and the courts have consistently held that the support order can be modified in the circumstances of this case only upon application *(see, e.g., Horne v Horne,* 22 NY2d 219, 223; *Matter of La Duke v La Duke,* 110 AD2d 930; *Matter of Brizzi v Brizzi,* 92 AD2d 919). We additionally note that Supreme Court lacks the authority to reduce or cancel arrears in child support *(see,* Domestic Relations Law § 244; *Schelter v Schelter,* 159 AD2d 995; *Singer v Singer,* 136 AD2d 695). Accordingly, we modify the order to the extent of increasing, from $2,470 to $21,580, the amount of unpaid arrears. (Appeal from Order of Supreme Court, Niagara County, Fallon, J.—Arrears.) Present—Callahan, J. P., Boomer, Balio, Davis and Doerr, JJ.