■ SHELLEY SLOAM, Now Known as SHELLEY EISENBERG, Respondent, v BRIAN SLOAM, Appellant.—In a matrimonial action in which the parties were divorced by judgment dated August 6, 1985, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Kohn, J.), dated July 25, 1990, as denied his cross motion for an award of child support and for an award of counsel fees.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied that branch of the cross motion which was for an award of child support; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

The parties were married on May 19, 1974. They had two children, Michael and Jennifer. As a result of marital difficulties, the plaintiff wife commenced an action for divorce in the Supreme Court, Nassau County. Thereafter, the parties entered into a stipulation of settlement, dated July 17, 1985. The stipulation provided, *inter alia,* that the parties would have joint custody of the children but that the children's primary residence would be with their mother, the plaintiff. The stipulation also provided that the defendant would pay the plaintiff $200 per week in child support.

On August 6, 1985, the Supreme Court, Nassau County (Christ, J.), granted the parties a judgment of divorce. The judgment incorporated the terms of the July 17, 1985, stipulation of settlement concerning child support, custody, and visitation. The settlement agreement survived and did not merge into the judgment of divorce.

In 1987 the parties agreed to change the primary residence of the children from the home of the plaintiff to the home of the defendant. The parties further agreed to modify the July 17, 1985, stipulation of settlement to reflect the change in the children's living arrangements. Accordingly, the parties entered into a stipulation of settlement dated February 23, 1990.

This second stipulation of settlement provided, *inter alia,* that the parties would have joint custody of the children but that the children's primary residence would be with their father, the defendant. In addition, the stipulation deleted the paragraph of the original stipulation of settlement which had provided that the defendant would pay the plaintiff $200 per week in child support. The stipulation did not contain a provision directing the plaintiff to pay child support to the defendant.

Approximately three months later, the plaintiff moved for sole custody of the children. The defendant asserted that the plaintiff had not shown a sufficient change in circumstances to warrant a change in custody. The defendant also requested (1) a hearing, pursuant to the Child Support Standards Act (hereinafter CSSA) *(see,* Domestic Relations Law § 240) to determine the amount of child support that the plaintiff should pay, and (2) an award of counsel fees.

By order dated July 25, 1990, the Supreme Court, Nassau County (Kohn, J.), denied the plaintiff's motion. The court also denied the defendant's cross motion on the ground that the original stipulation of settlement and the judgment of divorce were entered more than four years prior to the enactment of the CSSA. Further, the court denied the defendant's request for an award of counsel fees, stating that the defendant had failed to submit an affirmation of services from his attorney.

Since the parties intended that the stipulation dated February 23, 1990, would amend the prior stipulation dated July 17, 1985, which was incorporated in the judgment of divorce, and would define the parties' mutual obligations with regard to child support, and that agreement was executed after the CSSA came into effect, the CSSA standards should apply. Further, while the parties were free to "opt out" of the CSSA standards, such a decision must be made knowingly. Indeed, the statute requires that the parties be informed of the law *(see,* Domestic Relations Law § 240 [1-b] [h]). A finding that either party was unaware of the CSSA will thus invalidate an agreement which does not comply with its mandates *(see,* Scheinkman, Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C240:27, 1992 Pocket Part, at 209). In the present case, no mention was made in the agreement, as is required, to the effect that the parties were aware of the provisions of the CSSA, and the record is inadequate for us to make that determination here. We note that the Legislature recently amended Domestic Relations Law § 240 (1-b) (h). It now re-

quires, *inter alia,* that, in addition to reciting that the parties were advised about the CSSA, an "opt out" agreement must set forth the amount of child support a CSSA calculation would yield and the reason or reasons for not providing for that amount (L 1992, ch 41, § 146). However, we find that because the Legislature provided that this provision was to take effect "immediately", it was not to be applied retroactively *(see, Murphy v Board of Educ.,* 104 AD2d 796, 797, *affd* 64 NY2d 856), and we will not apply the new law on appeal because the parties voluntarily entered into their stipulation some two years before the amendment took effect.

Accordingly, we remit this matter to the Supreme Court for a hearing on the issue of the parties' awareness of the provisions of the CSSA. Should the court determine that the parties were unaware of the CSSA, the agreement must be held invalid insofar as it relates to child support, and in such a case the defendant may apply for a modification of the preexisting agreement based upon changed circumstances pursuant to Domestic Relations Law § 240 (1-b) (a). We note, however, that given the absence of any fraud, duress, mistake, or overreaching, a finding of the requisite knowledge of the CSSA should result in a decision adverse to the defendant *(see, Marinello v Marinello,* 125 AD2d 555).

The court properly denied the defendant's request for an award of counsel fees, since he failed to submit an affirmation of services *(see, Jensen v Jensen,* 110 AD2d 679; *Patell v Patell,* 91 AD2d 1028; *Matter of Michaels v Michaels,* 90 AD2d 518). Mangano, P. J., Balletta, Lawrence and Copertino, JJ., concur.