■ In the Matter of SANDRA S. CLARK, Respondent, v WILLIAM J. CLARK, Appellant. [603 NYS2d 245] —White, J. Appeal from an order of the Family Court of Albany County (Tobin, J.), entered May 26, 1992, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, for increased child support.

On January 10, 1991, when the parties entered into a separation agreement providing, *inter alia,* that respondent would pay petitioner $200 per week in child support, the Child Support Standards Act (hereinafter the CSSA) then in effect required the agreement to include a statement that the parties were aware of the provisions of the CSSA (Family Ct Act § 413 [1] [h], as added by L 1989, ch 567, § 8). Here, the parties' agreement does not contain such language, nor does the record indicate whether they were aware of the CSSA. Thus, we cannot determine if their decision to "opt out" of the CSSA was knowingly made *(see, Sloam v Sloam,* 185 AD2d 808, 809).

Accordingly, we remit this matter to Family Court for a hearing on the issue of the parties' awareness of the provisions of the CSSA. Should the court determine that they were not aware of its provisions, the agreement insofar as it relates to child support is invalid *(see, supra,* at 810). In such event, Family Court may adhere to its order because it adequately identified the factors that induced it to vary the statutory

amount of child support and articulated its reasons for the amount actually awarded (see, Bohnsack v Bohnsack, 185 AD2d 533, 535). In the event it finds that the parties were aware of the CSSA, Family Court must dismiss the petition because petitioner did not show that the agreement was unfair or inequitable when entered into, nor did she establish any unanticipated or unreasonable change of circumstances or that the children's needs were not being adequately met (see, Christian v Christian, 42 NY2d 63, 72; Matter of Tribley v Tribley, 178 AD2d 819, 820).

Weiss, P. J., Mikoll, Yesawich Jr. and Crew III, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Albany County for further proceedings not inconsistent with this Court's decision.