(February 23, 1995)

■ CONSTANCE GONSALVES, Respondent, v KARL GONSALVES, Appellant. [622 NYS2d 989] —Crew III, J. Appeals (1) from an order of the Supreme Court (Dier, J.), entered November 20, 1992 in Washington County, which, *inter alia,* granted plaintiff's motion to hold defendant in contempt of a prior court order, and (2) from an order of said court, entered May 21, 1993 in Washington County, which granted plaintiff's motion for, *inter alia,* modification of a prior order of child support.

The parties were married in 1976 and have two children. In November 1989, the parties executed a separation agreement which provided, in relevant part, that: "In view of the turning over of the entire house and contents to [plaintiff] by [defendant] and his agreement to pay the mortgage on the house to [the mortgagee], and [defendant's] agreement to pay taxes due Whitehall School District and the Town of Hampton, Washington County, as far as the house is concerned, [plaintiff] shall require no child support from [defendant] and no alimony from [defendant]." Additionally, defendant executed a waiver reflecting, *inter alia,* that the agreement was designed to "dispos[e] of [the parties'] real and personal property and provid[e] for custody, child support, visitation, etc." and indicating that he had read and understood the agreement. The separation agreement itself was incorporated, but not merged, into the parties' judgment of divorce dated January 11, 1990.

The parties thereafter engaged in extensive motion practice. In August 1990, defendant moved to, *inter alia,* vacate the equitable distribution portions of the judgment of divorce and separation agreement and requested a hearing on certain

issues, including custody, visitation and support. Supreme Court denied the motion, and in May 1991 plaintiff moved for the appointment of a receiver of certain goods and chattel of defendant pursuant to Domestic Relations Law § 243. Although denying such relief to plaintiff, Supreme Court did find defendant to be in default of certain provisions of the separation agreement and ordered judgment entered against defendant in the amount $7,150.76. Thereafter, on or about July 29, 1991, the parties entered into a stipulation to, *inter alia,* amend the original separation agreement to provide that "all future payments that were to be made * * * as mortgage payments and real property tax payments [would] be designated as child support payments". This amendment, however, was contingent upon, *inter alia,* defendant making certain payments to plaintiff, which he apparently did not make.

Following defendant's failure to make payments against the judgment previously entered against him, plaintiff moved for an order of contempt. Supreme Court found defendant guilty of contempt and defendant was given a period of time to purge himself of such contempt by making the required payments, to wit, an additional $7,221.80. Apparently, no payment was forthcoming, and plaintiff subsequently moved for, *inter alia,* an order designating defendant's obligation to pay the mortgage and property taxes as child support. By order entered November 20, 1992, Supreme Court, *inter alia,* granted plaintiff's request in this regard, found defendant to be in default of an additional $4,327.72 and deemed this amount to be past due child support. Thereafter, in March 1993, plaintiff moved to modify and amend, nunc pro tunc, Supreme Court's prior orders by designating all previous amounts due as child support and requested an income execution for such amounts. Supreme Court granted plaintiff's request in its entirety, finding that the payments sought by plaintiff (now totaling approximately $23,000) were, in effect, child support under the terms of the separation agreement. These appeals by defendant followed.

Initially, we reject defendant's assertion that the separation agreement did not contemplate an award of child support. Unlike the agreement at issue in *Perretta v Perretta* (203 AD2d 668), which made no specific provision for the payment of child support, the parties' agreement here, on its face, indicates that the provisions relating to the marital residence, including defendant's agreement to make the mortgage and tax payments, were given, at least in part, in lieu of child support payments *(see, Gustin v Gustin,* 188 AD2d 513). In

other words, the separation agreement essentially traded the house, its contents and the mortgage and tax payments for no incremental maintenance or child support. Moreover, even if we were to perceive any ambiguity in the agreement in this regard, the extrinsic evidence contained in the record, including the waiver executed by defendant in conjunction with the separation agreement, provides support for Supreme Court's conclusion that the separation agreement contemplated an award of child support.

Our inquiry does not end here, however. At the time the parties executed the separation agreement, the Child Support Standards Act (hereinafter CSSA) required that all "validly executed agreement[s] * * * voluntarily entered into * * * after the effective date of [the] subdivision presented to the court for incorporation in an order or judgment * * * include a provision stating that the parties have been advised of the provisions of [the CSSA]" (Domestic Relations Law § 240 [1-b] [h], as added by L 1989, ch 567, § 7 [eff Sept. 15, 1989]), and such a provision may not be waived by either the parties or counsel (id.). Additionally, although the parties to a separation agreement may " 'opt out' " of the CSSA, such a decision must be made knowingly and "[a] finding that either party was unaware of the CSSA will * * * invalidate an agreement which does not comply with its mandates" (Sloam v Sloam, 185 AD2d 808, 809). Here, the parties' separation agreement contains no such provision, and although defendant implies in his brief that he was not aware of the CSSA at the time he executed the separation agreement, the record before us is silent in this regard. As such, we are unable to determine whether his decision to " 'opt out' " of the CSSA was made knowingly (see, supra). Accordingly, we must remit this matter to Supreme Court for a hearing on the issue of the parties', specifically defendant's, awareness of the CSSA at the time the separation agreement was executed. In light of this conclusion, we need not reach the remaining arguments raised on appeal.

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the order entered November 20, 1992 is modified, on the law, without costs, by reversing so much thereof as deemed defendant's obligations regarding past due and future mortgage and tax payments to be child support and granted plaintiff a judgment and income execution on that basis; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed. Ordered that the order entered May 21,

1993 is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.