■ LAURIE D. MASER, Respondent, v WAYNE MASER, Appellant. [641 NYS2d 714] —In a matrimonial action in which the parties were divorced by a judgment dated June 23, 1992, the defendant appeals from (1) stated portions of a decision of the Supreme Court, Westchester County (Burrows, J.), dated March, 31, 1994, which determined (a) the plaintiff's applica-

tion for leave to enter a money judgment for child support arrears and (b) his cross motion, *inter alia,* to (i) cancel the alleged child support arrears, (ii) reform the divorce judgment and stipulation of settlement to conform their provisions to the Child Support Standards Act, and (iii) conduct a hearing to determine his appropriate child support obligation and calculate any arrears, (2) stated portions of an order of the same court, entered May 16, 1994, upon the decision, which upon granting the plaintiff's motion and, in effect, denying his cross motion, directed entry of a judgment for child support arrears in the principal sum of $145,944.16, plus interest thereon from December 3, 1993, (3) a judgment of the same court, entered May 25, 1994, in favor of the wife and against the husband in the principal sum of $145,944.16, with prejudgment interest in the amount of $6,567.48, (4) so much of a decision of the same court, dated September 28, 1994, as determined his motion to vacate the divorce judgment dated June 23, 1992, entered upon his default, and (5) so much of an order of the same court, entered December 6, 1994, upon the foregoing decision, as denied his motion to vacate the divorce judgment.

Ordered that the appeals from the decisions dated March 31, 1994, and September 28, 1994, are dismissed, without costs or disbursements, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the appeal from so much of the order entered May 16, 1994, as directed entry of a judgment for child support arrears in the principal sum of $145,944.16, plus interest thereon from December 3, 1993, is dismissed, without costs or disbursements, as that provision of the order was superseded by the judgment entered May 25, 1994; and it is further,

Ordered that the order entered May 16, 1994, is modified by deleting the provisions thereof which, in effect, denied those branches of the husband's cross motion which were to reform the divorce judgment and stipulation of settlement to conform the child support provisions thereof to the Child Support Standards Act and for a hearing to determine child support, and the matter is remitted to the Supreme Court, Westchester County, for a hearing to determine whether the husband was aware of the Child Support Standards Act provisions at the time the stipulation of settlement setting forth his child support obligations was executed; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the judgment entered May 25, 1994, is modified by deleting the provision thereof awarding prejudgment inter-

est in the sum of $6,567.48; as so modified, the judgment is affirmed, without costs or disbursements; and it is further,

Ordered that the order entered December 6, 1994, is affirmed insofar as appealed from, without costs or disbursements.

Where it is shown that there is an amount due for unpaid child support pursuant to a stipulation incorporated by reference in a judgment, the court is without discretion to refuse to enter a judgment in the amount of the arrears (see, Domestic Relations Law § 244; Hugel v Stewart, 181 AD2d 1054; Felton v Felton, 175 AD2d 794). Because the husband failed to move for affirmative relief prior to the wife's motion and did not contest the existence of the arrears, the Supreme Court was compelled to grant the wife's motion (see, Miller v Miller, 160 AD2d 912). Moreover, the husband's conclusory allegations and vague challenges to the amount of arrears claimed by the wife were not sufficient to raise a material question of fact so as to require a hearing (see, Gunsburg v Gunsburg, 173 AD2d 232). We find, however, that there was an insufficient showing that the husband willfully disregarded the child support provisions, to warrant the imposition of prejudgment interest (see, Messina v Messina, 143 AD2d 735), and we have modified the judgment accordingly.

Furthermore, the denial of those portions of the husband's cross motion which sought a modification of his child support obligations, without first conducting a hearing to determine if the husband knowingly opted out of the Child Support Standards Act (hereinafter CSSA), was improper. While the parties are free to opt out of the CSSA standards, such a decision must be made knowingly (see, Sloam v Sloam, 185 AD2d 808, 809). Because the stipulation in this case did not expressly state, as required by law, that the parties knowingly opted out of the CSSA standards (see, Domestic Relations Law § 240 [1-b] [h]), and the husband claims that he was not informed of the provisions of the CSSA prior to executing the stipulation, a hearing must be conducted to determine whether the husband was aware of the CSSA at the time the stipulation was executed (see, Sloam v Sloam, supra; see also, Gonsalves v Gonsalves, 212 AD2d 932; Matter of Clark v Clark, 198 AD2d 599). Should the court determine that the husband was unaware of the CSSA, the stipulation must be held invalid insofar as it relates to child support and the husband may seek modification of his child support obligation (see, Sloam v Sloam, supra).

Regarding the denial of the husband's motion to vacate his default in answering the complaint, we agree with the Supreme Court that the husband failed to demonstrate a reasonable

excuse for his default (*see, Bernholz v Bernholz,* 184 AD2d 542, 543). We note, however, that vacatur of the default under the divorce judgment is not a prerequisite to seeking modification of the child support provisions in the stipulation of settlement or the divorce judgment (*see, Mason v Mason,* 69 AD2d 942). Copertino, J. P., Pizzuto, Friedmann and McGinity, JJ., concur.