■ In the Matter of VANESSA L. WORMUTH, Appellant, v ROBERT L. TAYLOR, Respondent. [674 NYS2d 169] —Cardona, P. J.

Appeal from an order of the Family Court of Delaware County (Estes, J.), entered March 28, 1997, which, *inter alia*, dismissed petitioner's application, in a proceeding pursuant to Domestic Relations Law article 3-A, for an order of child support.

Petitioner and respondent were married in March 1982 and have two children, Tiffany (born in 1982) and Ryan (born in 1989). The parties divorced in January 1995 and the judgment of divorce incorporated, but did not merge, the separation agreement dated February 18, 1993. The agreement provided, *inter alia*, that respondent would pay child support in the amount of $75 per week. Included as part of the separation agreement was an opting-out agreement in which the parties agreed not to be bound by the provisions of the Child Support Standards Act (hereinafter CSSA) (*see*, Domestic Relations Law § 240 [1-b]; Family Ct Act § 413 [1] [b]).

Thereafter, petitioner and the children moved to South Carolina and, in February 1996, petitioner filed a support petition through the South Carolina Department of Social Services pursuant to the Uniform Support of Dependents Law (Domestic Relations Law art 3-A). Following a hearing, the Hearing Examiner issued a temporary order of child support in the amount of $105 per week. The hearing was subsequently continued and, in September 1996, the Hearing Examiner issued findings of fact and an order concluding, *inter alia*, that the opting-out agreement executed by the parties as part of their separation agreement controlled. Therefore, respondent was not obligated to make support payments pursuant to the CSSA. Furthermore, the Hearing Examiner determined that no arrears were due. Petitioner filed objections which were denied by Family Court and this appeal by petitioner followed.

It is well settled that parties to a separation agreement may opt out of the provisions of the CSSA provided the decision is made knowingly (*see*, *Gonsalves v Gonsalves*, 212 AD2d 932, 934; *Matter of Clark v Clark*, 198 AD2d 599; *Sloam v Sloam*, 185 AD2d 808, 809). In this case, the opting-out agreement discloses that the parties were aware of the provisions of the CSSA and the amount of respondent's "basic child support obligation" thereunder. Nevertheless, they specifically elected to waive its provisions based upon "[t]he allocation of income tax exemptions", "[t]he liberal sharing of the children for visitation purposes which would necessitate increased expenses for [respondent] when the children are with him", "[respondent's] assuming various credit obligations of the parties" and "[t]he avoidance of litigation". In view of this, as well as petitioner's failure to establish that the agreement was unfair or inequit-

able, that an unreasonable change of circumstances occurred or that the children's needs are not being adequately met (*see, Matter of Clark v Clark, supra,* at 600), we find no error in Family Court's order denying support.

However, inasmuch as the record reflects that petitioner did not request arrears or present proof at the hearing concerning this issue, the Hearing Examiner was in error in making a determination that no arrears were due. Therefore, to the extent the Hearing Examiner ruled that "effective February 28, 1996 there are no arrears due and owing", we conclude that this language must be stricken. The question of whether arrears are due pursuant to the separation agreement may be raised in a subsequent proceeding.

Peters, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is modified, on the law, with costs, by reversing so much thereof as declined to strike that provision of the Hearing Examiner's findings of fact and order dated September 30, 1996, and entered October 1, 1996, which ordered "that effective February 28, 1996 there are no arrears due and owing"; said provision stricken; and, as so modified, affirmed.