■ Alfred C. Tartaglia, Appellant, v Deborah B. Tartaglia, Respondent. [689 NYS2d 180] —In an action to set aside the parties' separation agreement, dated December 15, 1994, the plaintiff husband appeals from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Nicolai, J.), entered March 11, 1998, as, after a nonjury trial, dismissed the complaint.

Ordered that the order and judgment is modified, on the law, by deleting the provisions thereof which dismissed so much of the complaint as sought to set aside (1) that part of paragraph 7 of the parties' separation agreement which awarded the defendant maintenance in the amount of $52,000 per year until the earliest of: the death of either party, the wife's remarriage,

the husband's retirement (not before November 2021), or a date 28 years after the effective date of the separation agreement, and (2) paragraphs 8 and 14 of the parties' separation agreement, and substituting therefor provisions setting aside those parts of the separation agreement; as so modified, the order and judgment is affirmed insofar as appealed from, without costs or disbursements.

We agree with the plaintiff husband that the maintenance provision of the separation agreement, i.e., payment by the plaintiff of $52,000 per year until the earliest of four conditions, is unconscionable and must be set aside. The defendant wife received the bulk of the marital assets and the plaintiff was left with an income of $7,860 per year, from which he has to pay medical and life insurance premiums for the defendant and the children. An agreement which results in an award of substantially all of the marital assets to one party while burdening the other party with substantial economic obligations is patently unconscionable (see, Grunfeld v Grunfeld, 161 AD2d 973; see also, Yuda v Yuda, 143 AD2d 657). In addition, the husband was at risk of becoming a public charge (see, General Obligations Law § 5-311).

The separation agreement violated the Child Support Standards Act (hereinafter the CSSA) in that it failed to include provisions stating that the parties had been apprised of their rights under the CSSA, the amount that would have been awarded under the CSSA, and the reason for deviating from the CSSA amount. Accordingly, the child support provisions of the separation agreement are invalid and unenforceable (see, Matter of Philips v Philips, 245 AD2d 457; see also, Matter of Bill v Bill, 214 AD2d 84, 91, quoting Matter of Sievers v Estelle, 211 AD2d 173, 176).

The plaintiff's remaining contention is without merit. Mangano, P. J., H. Miller, Feuerstein, Schmidt and Smith, JJ., concur.