■ MARCIA TOUSSAINT, Appellant, v CARL TOUSSAINT, Respondent. [704 NYS2d 144] —In an action for a divorce and ancillary relief, the plaintiff wife appeals from an order of the Supreme Court, Nassau County (Jonas, J.), dated August 26, 1999, which, in effect, denied as academic (1) her motion for leave to enter a money judgment against the defendant husband for child support arrears and an attorney's fee, and (2) her separate motion to hold the defendant husband in contempt of court for failure to comply with a stipulation of settlement dated October 15, 1998, and granted the defendant husband's cross motion to vacate the stipulation of settlement.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof granting the cross motion in its entirety and substituting therefor a provision granting that branch of the cross motion which was to vacate the provisions of the parties' stipulation of settlement relating to child support and otherwise denying the cross motion and (2) deleting the provisions thereof which, in effect, denied as academic the motions; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a determination on the merits of the motions.

The plaintiff moved for leave to enter a money judgment as well as to hold the defendant in contempt of court based on her claim that he failed to comply with certain provisions of a stipulation entered into between the parties on October 15, 1998. The defendant cross-moved to vacate the stipulation, arguing, among other things, that the stipulation was invalid in that it did not comply with Domestic Relations Law § 240 (1-b) (h). The Supreme Court granted the defendant's cross motion and, in effect, denied the plaintiff's motions as academic.

The Supreme Court properly determined that since the stipulation failed to comply with Domestic Relations Law § 240 (1-b) (h), those provisions of the stipulation relating to child support were invalid (*see, Tartaglia v Tartaglia,* 260 AD2d 628; *Matter of Bill v Bill,* 214 AD2d 91; *cf., Nordgren v Nord-*

*gren,* 237 AD2d 498). However, the remedy was to vacate only those provisions of the stipulation relating to child support, not to vacate the entire stipulation (*see, Sloam v Sloam,* 185 AD2d 808; *Maser v Maser,* 226 AD2d 684; *see also, Kolmin v Kolmin,* 65 AD2d 928; *Sylofski v Sylofski,* 49 AD2d 971). The provisions which must be vacated include those requiring the defendant to pay educational and health costs (*see,* Domestic Relations Law § 240 [1-b] [b] [1]; [c]).

The defendant concedes that the stipulation is not subject to vacatur on the basis of fraud or overreaching, and otherwise does not offer any alternative basis upon which to vacate its remaining provisions. Accordingly, the defendant's cross motion is granted to the extent that the provisions of the stipulation relating to child support are vacated and the matter is remitted to the Supreme Court, Nassau County, to determine, on the merits, the wife's motions for leave to enter a money judgment and to hold the defendant in contempt of court. Mangano, P. J., Bracken, Luciano and Smith, JJ., concur.