■ Nancy Seda, Respondent, v Anthony Seda, Appellant. [704 NYS2d 661] —In a matrimonial action in which the parties

were divorced by a judgment dated March 12, 1998, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Gazzillo, J.), dated December 24, 1998, as granted the plaintiff's cross motion for an upward modification of child support.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the cross motion is denied.

It is well settled that the parties to a separation agreement may "opt out" of the provisions of the Child Support Standards Act (hereinafter the CSSA) provided the decision is made knowingly (see, Sloam v Sloam, 185 AD2d 808; Matter of Bill v Bill, 214 AD2d 84). In this case, the opting-out agreement discloses that the parties were aware of the provisions of the CSSA, and of the amount of the defendant's basic child support obligation thereunder. Nevertheless, they specifically elected to waive its provisions based upon the defendant's assumption of a large portion of the marital debt, which included the mortgage and approximately $17,000 in credit card balances, and the defendant's assent to the plaintiff's desire to relocate with the children to Illinois.

Furthermore, the plaintiff failed to establish that the agreement was unfair or inequitable at the time that it was made, that an unanticipated and unreasonable change in circumstances had occurred resulting in a concomitant need (see, Merl v Merl, 67 NY2d 359, 362; Matter of Boden v Boden, 42 NY2d 210, 213), or that the children were not being adequately supported (see, Matter of Brescia v Fitts, 56 NY2d 132, 139-140). Accordingly, upward modification in child support was not warranted. Santucci, J. P., Joy, Thompson and Goldstein, JJ., concur.