■ LISA FARCA, Respondent, v ABE FARCA, Appellant. [705 NYS2d 402] —In a matrimonial action in which the parties were divorced by judgment dated January 5, 1999, the defendant former husband appeals from so much of an order of the Supreme Court, Kings County (Rigler, J.), dated August 20, 1999, as, upon granting reargument, and upon vacating a finding of contempt against him for failure to pay child support,

did so without prejudice to renew, and denied that branch of his motion which was to vacate the provision of the judgment of divorce entered upon a stipulation of the parties, directing him to pay weekly child support of $800.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, that branch of the defendant's motion which was to vacate the provision of the judgment of divorce entered upon the parties' stipulation, directing him to pay weekly child support of $800 is granted, the financial provisions of the stipulation entered into by the parties on October 20, 1998, are vacated, the fourth, fifth, sixth, and seventh decretal paragraphs of the judgment of divorce and so much of the ninth decretal paragraph as refers to financial provisions of the stipulation of settlement are vacated, and the matter is remitted to the Supreme Court, Kings County, for a determination de novo with respect to the financial issues; and it is further,

Ordered that pending a de novo determination, the defendant shall pay the plaintiff $500 per week child support, and continue to pay the children's tuition for private school.

The stipulation of settlement setting child support at $800 per week based upon the defendant's representation that he earned $1,000 per week deviated from the amount of child support set by the Child Support Standards Act (*see,* Domestic Relations Law § 240 [1-b]). However, the stipulation did not state the amount of child support the defendant would have been obligated to pay pursuant to the Child Support Standards Act, nor was the defendant, who appeared in the divorce action *pro se*, shown a copy of the Child Support Chart, based upon the guidelines. Accordingly, the stipulation did not comply with Domestic Relations Law § 240 (1-b) (h) and (i).

Since the plaintiff waived maintenance and equitable distribution of property based upon the understanding that she would receive child support of $800 per week, we vacate the financial provisions of the parties' stipulation and the corresponding provisions of the judgment of divorce, and remit the matter to the Supreme Court, Kings County, for a de novo determination of the financial issues (*see, Gaetano v Gaetano,* 92 AD2d 909).

Pending a de novo determination with respect to the financial issues, the defendant is directed to pay $500 per week pursuant to the Child Support Standards Act (*see,* Domestic Relations Law § 240 [1-b] [b] [3]), and continue to pay the children's private school tuition. Joy, J. P., Altman, Goldstein and H. Miller, JJ., concur.