■ CAROL LEPORE, Appellant, v FRANCES LEPORE, Respondent. [714 NYS2d 343] —In an action for a divorce and ancillary relief, the plaintiff wife appeals from an order of the Supreme Court, Suffolk County (Baisley, J.), dated February 17, 2000, which denied her motion, *inter alia,* to vacate the child support provisions of the parties' stipulation of settlement on the ground that the stipulation did not comply with Domestic Relations Law § 240 (1-b) (h).

Ordered that the order is modified, on the law, by deleting the provision thereof denying the motion in its entirety and substituting therefor a provision granting the motion to the extent of vacating the provisions relating to child support, maintenance, and the parties' financial obligations for college and automobile expenses; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, to determine child support in accordance with the Child Support Standards Act and for a de novo determination of maintenance and the parties' financial obligations for college and automobile expenses; and it is further,

Ordered that pending the de novo determination of the Supreme Court, Suffolk County, the defendant shall pay child support and maintenance as set by the pendente lite order previously entered by the Supreme Court, Suffolk County.

The parties' stipulation of settlement, set forth on the record at a hearing on July 28, 1999, did not recite: (1) that the parties had been made aware of the Child Support Standards Act (hereinafter the CSSA), (2) that they were aware that application of the CSSA guidelines would result in the calculation of the presumptively correct amount of support, (3) the amount of the presumptively correct support that would have been calculated pursuant to the CSSA, and (4) the parties' reasons for their departure from the guidelines (see, Domestic Relations Law § 240 [1-b] [h]).

The Supreme Court denied the plaintiff's motion because it was of the opinion that she was, in fact, well aware of the provisions of the CSSA at the time she entered into the stipulation. While there appears to be a factual basis for the Supreme Court's conclusion, a party's awareness of the requirements of the CSSA is not the dispositive consideration under the statute (see, Sloam v Sloam, 185 AD2d 808; cf., L 1989, ch 567; Appel v Appel, 241 AD2d 470; Maser v Maser, 226 AD2d 684; Gonsalves v Gonsalves, 212 AD2d 932; Matter of Clark v Clark, 198 AD2d 599). Domestic Relations Law § 240 (1-b) (h) requires specific recitals which were not included in the parties' stipulation. Accordingly, the child support provisions of the stipulation are not enforceable and must be vacated (see, Tolchin v Freeman, 275 AD2d 452; Toussaint v Toussaint, 270 AD2d 338; Tartaglia v Tartaglia, 260 AD2d 628; Zenz v Zenz, 260 AD2d 474).

We have also vacated the provisions in the stipulation regarding maintenance and the parties' financial obligations for college and automobile expenses, since these provisions are closely intertwined with the child support provisions (see, Farca v Farca, 271 AD2d 482; Gaetano v Gaetano, 92 AD2d 909). Ritter, J. P., Florio, H. Miller and Feuerstein, JJ., concur.