■ In the Matter of DEBRA A. SCHALLER, Appellant, v ROBERT J. SCHALLER, Respondent. [719 NYS2d 278] —In a support proceeding pursuant to Family Court Act article 4, the mother appeals from so much of an order of the Family Court, Suffolk County (Trainor, J.), entered November 18, 1999, as sustained the father's objection and, in effect, vacated so much of an order of the same court (Buse, H.E.), entered July 14, 1999, as, after a hearing, increased his child support obligation from $328 per week to $465 per week, retroactive to October 20, 1998.

Ordered that the order entered November 18, 1999, is re-

versed insofar as appealed from, on the law, with costs, the father's objection to so much of the order entered July 14, 1999, as increased his child support obligation is denied, and the child support provisions of the order entered July 14, 1999, are reinstated.

The child support provision in a separation agreement which is incorporated but not merged in a divorce judgment may be modified "upon a showing that the agreement was not fair and equitable when entered into, or that an unanticipated and unreasonable change in circumstances has occurred resulting in a concomitant need" (*Merl v Merl,* 67 NY2d 359, 362; *see, Matter of Boden v Boden,* 42 NY2d 210, 213). The Family Court has the power to order support where the dispute concerns a child's right to receive adequate support (*see, Matter of Brescia v Fitts,* 56 NY2d 132, 140).

The parties' separation agreement (hereinafter the agreement) provided that the father's child support obligation was to be computed in accordance with the Child Support Standards Act (hereinafter CSSA) (*see,* Family Ct Act § 413). The agreement, as modified on November 27, 1996, stated that the father's earnings were $62,000 in 1995, and that his basic child support obligation under the CSSA was equal to $328 per week for the parties' three children. On August 18, 1997, the parties further modified the agreement to provide that the father's earnings were $62,374, and his basic child support obligation was $347.85 per week. They agreed to deviate from the CSSA in that the father would pay only $328 a week, instead of $347.85, for four years because he would be paying the mother maintenance during that same period.

The agreement, as modified, was incorporated but not merged in the judgment of divorce entered September 30, 1997. In October 1998 the mother commenced the instant proceeding for an upward modification of child support. The evidence adduced at the hearing revealed that the father's gross income for 1995 was actually about $90,000 including overtime, and that he earned approximately the same amount every year thereafter. The father's child support obligation set forth in the agreement did not comply with the CSSA guidelines since his obligation should have been calculated based upon his "gross (total) income as should have been or should be reported in the most recent federal income tax return" (Family Ct Act § 413 [1] [b] [5] [i]; [1] [c]). Therefore the parties' children were not receiving the presumptively correct amount of child support (*see,* Family Ct Act § 413 [1] [h]).

Parties are permitted to "opt out" of the provisions of the

CSSA provided the decision is made knowingly (*see, Seda v Seda,* 270 AD2d 475; *Wormuth v Taylor,* 251 AD2d 806). Where the agreement deviates from the basic child support obligation, the agreement must specify what the basic child support obligation would have been under the CSSA, and the reason the agreement does not provide for payment of that amount (*see,* Family Ct Act § 413 [1] [h]). The father failed to establish that the mother was aware of the correct amount of child support, based on his income of about $90,000, and that she knowingly agreed to a lesser amount. Moreover, the agreement did not set forth what the CSSA result would have been if it was calculated based on the father's true income in accordance with the statute. As the "opt out" provision of the statute was intended to protect the interest of the children who are the intended beneficiaries of the CSSA (*see, Matter of Bill v Bill,* 214 AD2d 84, 90), the father's contention that the children's needs were being met under the terms of the parties' agreement is unpersuasive.

The Hearing Examiner concluded that the child support provision of the parties' agreement was unfair, granted the petition, and found that the father's child support obligation under the CSSA guidelines was $465 a week, retroactive to October 20, 1998. The Family Court overruled the Hearing Examiner on the ground that the mother's remedy was to move in the Supreme Court to vacate the separation agreement on the ground of fraud. However, the mother's petition sought only an upward modification of support. Since the child support provision of the parties' agreement violated the CSSA, it was unenforceable, and the Hearing Examiner properly granted the mother's petition for an upward modification based on the CSSA guidelines (*see, Matter of Phillips v Phillips,* 245 AD2d 457). O'Brien, J. P., Santucci, Florio and Schmidt, JJ., concur.