■ Susan Rosenberg, Respondent-Appellant, v Leslie Erber, Appellant-Respondent. [723 NYS2d 867] —In a matrimonial action in which the parties were divorced by judgment dated April 22, 1990, the defendant former husband appeals from an order of the Supreme Court, Nassau County (Warshawsky, J.), dated September 27, 1999, which (a) granted the plaintiff former wife's motion for leave to enter judgment in the sum of $48,550 for child support arrears, (b) awarded the plaintiff an attorney's fee of $2,000, and (c) denied his cross motion, *inter alia*, for downward modification of his child support obligation and for an award of $100 for the plaintiff's failure to file a satisfaction of judgment pursuant to CPLR 5020 (c), and the plaintiff cross-appeals, on the ground of inadequacy, from so much of the same order as awarded her an attorney's fee of only $2,000.

Ordered that the order is modified, on the law and the facts, by (1) deleting the provision thereof granting the plaintiff leave to enter judgment against the defendant in the sum of $48,550, and substituting therefor a provision granting the plaintiff

leave to enter judgment against the defendant in the sum of $48,077.50, (2) deleting the provision thereof awarding the plaintiff an attorney's fee of $2,000, and (3) deleting the provision thereof denying that branch of the cross motion which was for an award of $100 pursuant to CPLR 5020 (c), and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed, with costs to the defendant, and the matter is remitted to the Supreme Court, Nassau County, for a hearing on the issue of the amount of the attorney's fee, if any, to be awarded to the plaintiff.

The record supports the Supreme Court's determination that the parties were aware of their rights and obligations pursuant to the Child Support Standards Act (hereinafter the CSSA) as in effect at the time they entered into their stipulation in 1991 (*see,* Domestic Relations Law § 240 [1-b] [former (h)]; L 1989, ch 567, § 7; *Gonsalves v Gonsalves,* 212 AD2d 932; *Matter of Clark v Clark,* 198 AD2d 599; *Sloam v Sloam,* 185 AD2d 808; *cf., Lepore v Lepore,* 276 AD2d 677). Thus, contrary to the defendant's contention, the parties' decision to "opt-out" of the provisions of the CSSA was knowingly made and is enforceable (*see, Seda v Seda,* 270 AD2d 475). Moreover, the on-the-record, in-court stipulation is not infirm for want of a written acknowledgment (*see, Natole v Natole,* 256 AD2d 558). The Supreme Court correctly determined that the defendant failed to establish a change of circumstances warranting a downward modification of his child support obligation (*see, Matter of Habib v Habib,* 269 AD2d 447; *Matter of Yeager v Yeager,* 266 AD2d 223).

The Supreme Court, however, erred in failing to reduce the amount of arrears owed by the defendant by $472.50. The defendant was entitled to a credit for the 1999 school year since it was agreed that his child support obligation was to be reduced by 30% while Daniel, the only unemancipated child at the time, was away at college. The defendant was not, however, entitled to a credit for the 1998 school year since the evidence demonstrated that the child was on a year-abroad program in Israel and the defendant agreed to pay all of the costs related to this trip. Furthermore, the court erred in awarding an attorney's fee to the plaintiff without a hearing to determine the extent and value of the services rendered (*see, Ott v Ott,* 266 AD2d 842).

Finally, we agree with the defendant that he was entitled to a $100 civil penalty payable by the plaintiff pursuant to CPLR 5020 (c). Ritter, J. P., Krausman, S. Miller and Feuerstein, JJ., concur.