■ VICKY KRIEGER, Appellant, v HOWARD KRIEGER, Respondent. [734 NYS2d 849] —In a matrimonial action in which the parties were divorced by a judgment dated October 23, 1990, the plaintiff appeals from an order of the Supreme Court, Kings County (Rigler, J.), dated March 20, 2000, which denied her motion, in effect, to vacate her default in appearing at a hearing scheduled in connection with certain branches of her post-judgment motion and the resulting denial of those branches of her motion.

Ordered that the order is affirmed, with costs.

The parties were divorced in 1990. More than four years later, the plaintiff moved for financial relief. By order dated March 10, 1995, the Supreme Court denied certain branches of the motion and referred other branches of the motion, including that branch which was for child support, for a hearing. After an inordinate delay, the hearing was finally scheduled for November 9, 1999. The plaintiff's attorney did not appear, and the plaintiff appeared late, after the Clerk had called the calendar. The plaintiff was told by the Clerk that the branches of the motion which were to be the subject of the hearing that day had been "dismissed."

Although the plaintiff's subsequent motion was denominated as one to "restore the matter to [the] motion calendar" it was, in effect, one to vacate her default in appearing which led to, in effect, the denial of the remaining branches of her motion. The plaintiff therefore was required to make some showing of merit, as well as a showing of a reasonable excuse for her default. She failed to do so. Further, we note that the plaintiff has sought child support and other relief in a petition filed in the Family Court. Under all of the circumstances presented, the Supreme Court providently exercised its discretion in denying the motion (*see, Maser v Maser,* 226 AD2d 684; *Baruch v Baruch,* 224 AD2d 649; *Arvanetes v Arvanetes,* 191 AD2d 893). Bracken, P. J., Santucci, Altman and Florio, JJ., concur.