■ KATHI JESSUP, Appellant, v DONALD LABONTE, Respondent. [734 NYS2d 219] —In an action to modify a judgment of divorce entered August 25, 1993, the plaintiff appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Putnam County (Sweeny, J.), dated October 13, 2000, as granted those branches of the defendant's motion which were for summary judgment dismissing the cause of action to modify that provision of the judgment of divorce which required her to pay one-half of all unreimbursed medical expenses for the parties' children, and on his counterclaim for leave to enter a money judgment for arrears, of those expenses, and (2) from a judgment of the same court, dated November 3, 2000, entered on the order, which is in favor of the defendant and against her in the principal sum of $9,058.74.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, those branches of the defendant's motion which were for summary judgment dismissing the plaintiff's cause of action to modify the provision of the divorce judgment relating to unreimbursed medical expenses for the parties' children and on his counterclaim are denied, the order is modified accordingly, and the matter is remitted to the Supreme Court, Putnam County, for further proceedings in accordance herewith; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

Pursuant to a stipulation incorporated but not merged into the parties' judgment of divorce, the plaintiff was required to pay one-half of all unreimbursed medical expenses for the par-

ties' children. The plaintiff commenced this action, *inter alia*, to modify that obligation and to challenge the reasonableness of certain unreimbursed medical expenses claimed by the defendant, to the extent that such expenses were not already reduced to judgment. The defendant counterclaimed for over $9,000 in unreimbursed medical expenses. The defendant argued, among other things, that the parties had "opted out" of the relevant statutory provision concerning unreimbursed medical expenses in a child support order (*see,* Domestic Relations Law § 240 [1-b] [c] [5]), and that the stipulation, by its terms, did not permit the plaintiff to challenge the reasonableness of such expenses. The Supreme Court, *inter alia*, granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action to modify the provision of the judgment relating to unreimbursed medical expenses and for judgment on his counterclaim. We reverse.

In support of his motion for summary judgment, the defendant failed to demonstrate his prima facie entitlement to judgment as a matter of law on his claim that the parties, by their stipulation, validly opted out of the relevant statutory provision concerning unreimbursed medical expenses in a child support order (*see,* Domestic Relations Law § 240 [1-b] [c] [5]). To the contrary, neither the parties' stipulation nor the judgment of divorce complied with the relevant statutory requirements for a valid opt-out agreement (*see,* Domestic Relations Law § 240 [1-b] [h]; *Toussaint v Toussaint,* 270 AD2d 338; *Zenz v Zenz,* 260 AD2d 474; *Tartaglia v Tartaglia,* 260 AD2d 628; *Matter of Phillips v Phillips,* 245 AD2d 457; *Sloam v Sloam,* 185 AD2d 808). Thus, the stipulation and the judgment of divorce, insofar as they concern unreimbursed medical expenses, are invalid and unenforceable (*see, Toussaint v Toussaint, supra; Zenz v Zenz, supra; Tartaglia v Tartaglia, supra; Matter of Phillips v Phillips, supra; Sloam v Sloam, supra*). Accordingly, the matter must be remitted to the Supreme Court, Putnam County, to determine the amount of the plaintiff's obligation to pay a prorated share of the reasonable medical expenses of the parties' children, in compliance with the Child Support Standards Act, and for entry of a judgment for any amount owed, calculated on the wife's proper share of such expenses (*see, Toussaint v Toussaint, supra; Zenz v Zenz, supra*). Finally, the plaintiff is entitled to challenge the reasonableness of the medical expenses for which the defendant seeks reimbursement (*see,* Domestic Relations Law § 240 [1-b] [c] [5]; *Matter of Bruder v Aggen,* 244 AD2d 797; *Matter of Burke v Burke,* 245 AD2d 1007). Ritter, J. P., H. Miller, Feuerstein and Prudenti, JJ., concur.