■ TARA B. MAURIELLO, Respondent, v THOMAS MAURIELLO, Appellant. [753 NYS2d 379] —In a matrimonial action in which the parties were divorced by judgment dated April 12, 1999, the defendant appeals from so much of an order of the Supreme Court, Westchester County (Shapiro, J.), entered December 21, 2001, as granted that branch of the plaintiff's motion which was for an upward modification of his child support obligations.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties to a stipulation of settlement may opt out of the provisions of the Child Support Standards Act (hereinafter the CSSA) provided the decision to do so is knowingly made (*see Matter of Schaller v Schaller,* 279 AD2d 525; *Seda v Seda,* 270 AD2d 475; *Matter of Bill v Bill,* 214 AD2d 84). The CSSA provides that an agreement which deviates from the basic child support obligation "must specify the amount that such basic child support obligation would have been and the reason or reasons that such agreement or stipulation does not provide for payment of that amount" (Domestic Relations Law § 240 [1-b] [h]).

Here, the parties' departure from CSSA standards, as set forth in their stipulation of settlement, was expressly conditioned upon the relocation of the mother and the subject child to a foreign jurisdiction, thereby requiring the father to make greater expenditures in order to exercise his right of visitation. Since the mother and child have now returned to New York, that condition no longer exists. Pursuant to the express terms of the parties' agreement, once the reason for deviating from the CSSA guidelines no longer existed, the parties were required to resume the use of the guidelines in calculating child support. In the absence of any other articulated reason for deviating from the CSSA guidelines, the Supreme Court properly enforced the parties' agreement and awarded support based on the CSSA guidelines. Santucci, J.P., H. Miller, Schmidt and Townes, JJ., concur.