■ In the Matter of THOMAS G. WOODS, Appellant, v DENISE E. VELEZ-SHANAHAN, Respondent. [765 NYS2d 517] —In a proceed-

ing pursuant to Family Court Act article 5, the petitioner father appeals from an order of the Family Court, Orange County (Klein, J.), dated October 4, 2002, which sustained the respondent mother's objections and vacated an order of the same court (Braxton, H.E.), dated May 16, 2002, entered upon consent, and awarded the respondent mother child support in the amount of $194 per week and arrears retroactive to October 2, 2001.

Ordered that the order dated October 4, 2002, is reversed, on the law, with costs, the mother's objections are denied, and the order dated May 16, 2002, is reinstated.

"[S]tipulations of settlement, especially those whose terms are placed upon the record in open court, are met with judicial favor. Absent a showing of fraud, overreaching, mistake, or duress, the stipulation should not be disturbed by the court" (*Wieners v Wieners,* 239 AD2d 493, 494 [1997]; *see Lafferty v Lafferty,* 256 AD2d 445 [1998]).

A party to a stipulation of settlement may opt out of the provisions of the Child Support Standards Act (hereinafter the CSSA) provided that the decision to do so is knowingly made (*see Mauriello v Mauriello,* 301 AD2d 505 [2003]). In the presence of the Hearing Examiner, the respondent mother clearly consented to the terms of the stipulation. The parties knowingly agreed to opt out of the CSSA and the order, dated May 16, 2002, entered upon consent, specified the amount that the obligation would have been under the standards and the reason that the stipulation did not provide for payment of that amount (*see Mauriello v Mauriello, supra;* Family Ct Act § 413 [1] [h]). Accordingly, we reinstate the order dated May 16, 2002. Ritter, J.P., Goldstein, McGinity and Crane, JJ., concur.