■ GARY WARNECKE, Appellant, v ANN WARNECKE, Respondent. [784 NYS2d 631]—

In an action to set aside and vacate the child support and maintenance provisions of a stipulation of settlement and judgment of divorce, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Lifson, J.), dated December 3, 2003, which granted that branch of the defendant's motion which was to dismiss the complaint, inter alia, pursuant to CPLR 3211 (a) (1), (5), and (7), directed a hearing on that branch of the defendant's motion which was to impose a sanction and for an award of an attorney's fee, and denied his cross motion, in effect, for summary judgment on the complaint.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as directed a hearing on that branch of the defendant's motion which was to impose a sanction and for an award of an attorney's fee is deemed to be an application for leave to appeal from that portion of the order and leave to appeal is granted (*see* CPLR 5701 [c]; *Behrins & Behrins, P.C. v Sammarco*, 305 AD2d 346 [2003]); and it is further,

Ordered that the order is modified, on the law, by (1) deleting the provision thereof directing a hearing on that branch of the motion which was to impose a sanction and for an award of an attorney's fee and substituting therefor a provision denying

that branch of the motion, (2) deleting the provision thereof granting that branch of the motion which was to dismiss the complaint and substituting therefor a provision denying that branch of the motion, and (3) deleting the provision thereof denying that branch of the cross motion which was, in effect, for summary judgment on so much of the complaint as sought to vacate the child support provisions of the stipulation of settlement and judgment of divorce and substituting therefor a provision granting that branch of the cross motion and vacating those child support provisions; as so modified, the order is affirmed, and the matter is remitted to the Supreme Court, Suffolk County, to determine the child support obligation in accordance with the Child Support Standards Act; and it is further,

Ordered that pending the determination of the Supreme Court, Suffolk County, the plaintiff shall pay child support as set by the pendente lite order previously entered by the Supreme Court, Suffolk County, in the underlying divorce action; and it is further,

Ordered that one bill of costs is awarded to the appellant.

Contrary to the determination of the Supreme Court, the plaintiff was not judicially estopped from arguing that certain provisions in the parties' judgment of divorce and stipulation of settlement should be set aside. The doctrine of judicial estoppel "precludes a party who assumed a certain position in a prior legal proceeding and who secured a judgment in his or her favor from assuming a contrary position in another action simply because his or her interests have changed" (*Ford Motor Credit Co. v Colonial Funding Corp.*, 215 AD2d 435, 436 [1995]; *see South Rd. Assoc. v International Bus. Machs. Corp.*, 2 AD3d 829, 832 [2003]; *cf. Prudential Home Mtge. Co. v Neildan Constr. Corp.*, 209 AD2d 394, 395 [1994]). The plaintiff's prior attempt to modify the parties' child support obligations in Family Court was not an implicit acknowledgment of the validity of the judgment of divorce or stipulation of settlement and was not inconsistent with his position in this case that the child support provisions should be set aside. Furthermore, the Family Court, Suffolk County, in an order dated February 2, 2001, denied the plaintiff's objections to an order of the same court dated September 18, 2000, denying his application for an upward modification of the defendant's child support obligation, and this Court upheld that determination (*see Matter of Warnecke v Warnecke*, 293 AD2d 549 [2002]).

Both the provisions of the judgment concerning the parties' child support obligations and the stipulation upon which it was based violated the Child Support Standards Act (hereinafter the

CSSA). They failed to include recitals stating that the parties were aware that following the CSSA guidelines would result in the presumptively correct amount of support; they failed to set forth the presumptively correct amount of support that would have been fixed pursuant to the guidelines; and they failed to articulate the reason the parties chose to deviate from the guidelines. Consequently, they were invalid and unenforceable and should have been vacated (*see Lepore v Lepore*, 276 AD2d 677, 678 [2000]; *Tolchin v Freeman*, 275 AD2d 452, 453 [2000]; *Toussaint v Toussaint*, 270 AD2d 338 [2000]; *Tartaglia v Tartaglia*, 260 AD2d 628, 629 [1999]; *Zenz v Zenz*, 260 AD2d 474 [1999]; *Matter of Bill v Bill*, 214 AD2d 84, 85 [1995]).

The plaintiff's contention that the provisions of the stipulation regarding maintenance should also have been vacated is without merit. The record does not support a finding that these provisions were closely intertwined with the child support provisions (*see Toussaint v Toussaint, supra* at 339; *cf. Lepore v Lepore, supra; Farca v Farca*, 271 AD2d 482, 483 [2000]).

Finally, the defendant failed to establish her entitlement to an award of an attorney's fee (*see Behrins & Behrins, P.C. v Sammarco, supra* at 348), and there was no basis to impose a sanction (*see* 22 NYCRR 130-1.1). Accordingly, the Supreme Court should have denied that branch of the motion which was to impose a sanction and for an award of an attorney's fee. Smith, J.P., Adams, Crane and Skelos, JJ., concur.