■ In the Matter of KATHI JESSUP, Respondent, v DONALD LABONTE, Appellant. [791 NYS2d 442]—In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Westchester County (Horowitz, J.), entered March 25, 2003, which denied his objections to an order of the same court (Kava, H.E.), dated November 20, 2002, vacating a money judgment of the same court (Herold, H.E.), entered April 17, 1996, which was in his favor and against the mother in the principal sum of $4,220.30.

Ordered that the order is reversed, on the law, with costs, the objections are sustained, and the judgment is reinstated.

The appellant, Donald Labonte (hereinafter the father), and the petitioner, Kathi Jessup (hereinafter the mother), are divorced. Pursuant to a stipulation incorporated but not merged into the judgment of divorce, the mother agreed to pay one half of all unreimbursed medical expenses for the children. This provision resulted in a judgment against the mother for such expenses in the amount of $4,220.30, which she paid. The father thereafter sought reimbursement for additional expenses from the mother in the amount of $9,058.74. In a prior petition, the mother challenged, to the extent not yet reduced to judgment, her obligation to pay such expenses and the reasonableness of the amounts demanded. On appeal, this Court held that the

mother was obligated to pay only her prorated share of reasonable unreimbursed medical expenses for the children (*see Matter of Jessup v LaBonte*, 289 AD2d 295 [2001]). Based on our determination, the mother sought to vacate the prior judgment she had already paid in the amount of $4,220.30. The grant of such relief was error. A challenge to the prior judgment could have and should have been made in the prior proceeding, which was expressly limited to amounts not yet reduced to judgment (*see Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343 [1999]; *Matter of Hunter*, 6 AD3d 117 [2004]). Prudenti, P.J., Ritter, Fisher and Lifson, JJ., concur.