■ ROBERT NEIL MURPHY, Appellant, v PATRICIA ANNE MURPHY, Respondent. [807 NYS2d 28]—

Order, Supreme Court, New York County (Joan B. Lobis, J.), entered March 22, 2005, which, to the extent appealed from as limited by the brief, granted defendant's cross motion for an order determining that plaintiff father is obligated to reimburse defendant for his pro rata share of child care expenses in accordance with the parties' separation agreement, unanimously affirmed, without costs.

Given the pendency of this matrimonial action in which no judgment of divorce has been entered, defendant was not required to institute a separate plenary action to seek enforcement of the parties' separation agreement (see Domestic Relations Law § 236 [B] [3]; see also Shanon v Patterson, 14 AD3d 604, 604 [2005]). In interpreting the separation agreement, the court properly declined to refer to the Child Support Standards Act (CSSA) since the parties had explicitly agreed not to be bound by its provisions for determining the basic child support obligation (see Domestic Relations Law § 240 [1-b] [h]; see also Mauriello v Mauriello, 301 AD2d 505, 505 [2003]). Accordingly, the court properly based its determination of the parties' rights and obligations with respect to child support on the agreement itself (see Matter of Meccico v Meccico, 76 NY2d 822, 823-824 [1990]). It is evident from the agreement that the father's obligation to pay his pro rata share of child care expenses was not contingent in any way on the progress of the mother's career. Concur—Buckley, P.J., Mazzarelli, Ellerin, Catterson and McGuire, JJ.