■ RUSSELL O. VERNON, Respondent-Appellant, v VICTORIA M. VERNON, Appellant-Respondent. [656 NYS2d 634] —Order, Supreme Court, New York County (Richard Andrias, J.), entered on or about March 6, 1996, which granted defendant wife's motion for an upward modification of child support only to the extent of invalidating that portion of the parties' child support agreement relating to child care and medical care expenses, and referring the amount of any upward modification warranted by those expenses for a hearing before a Judicial Hearing Officer, unanimously affirmed, without costs.

Child care and medical costs are " 'distinct element[s]' " of basic child support that should be dealt with separately (*Matter of Bill v Bill*, 214 AD2d 84, 89; Domestic Relations Law § 240 [1-b] [c] [4], [5], [6]). Upon review of the subject agreement, we find that it does not state what the husband's obligation for child care and medical care costs would be under the Child Support Standards Act (CSSA), or why such a calculation was not made, or whether the parties were advised of their rights under the CSSA for a separate accounting of such costs. Accordingly, the subject agreement is not in compliance with Domestic Relations Law § 240 (1-b) (h) insofar as it relates to such costs, and was properly held invalid with respect to such costs. We see no reason why, as the wife argues, such invalidity necessarily affects the entire agreement. Concur—Murphy, P. J., Ellerin, Nardelli and Williams, JJ.