■ MARK BARANEK, Appellant, v KARIN BARANEK, Respondent. [864 NYS2d 94]—

In an action to set aside a stipulation of settlement dated October 7, 2004, which was incorporated but not merged into

the parties' judgment of divorce, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Weber, J.), dated December 13, 2006, which denied his motion for summary judgment on the first cause of action to set aside the stipulation of settlement on the ground that it failed to comply with Domestic Relations Law § 240 (1-b) (h), and searched the record and awarded the defendant summary judgment dismissing the complaint in its entirety.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof which searched the record and awarded the defendant summary judgment dismissing the complaint in its entirety, and (2) by deleting the provisions thereof denying those branches of the plaintiff's motion which were for summary judgment on so much of his first cause of action as sought to set aside the provisions of the stipulation of settlement awarding the defendant basic child support in the sum of $900 per month and directing the parties to split all future unreimbursed medical expenses for the children, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

Preliminarily, we note that the Supreme Court erred in awarding the defendant summary judgment dismissing the complaint on the ground that the parties' minor children were necessary or indispensable parties who should have been joined in the action. In this plenary action to set aside the stipulation of settlement between the plaintiff and the defendant, the children were not parties to the contract whose rights may be prejudiced by the rescission thereof (*see Manning v Manning,* 97 AD2d 910, 911 [1983]). We further note that the Supreme Court improperly searched the record and awarded the defendant summary judgment dismissing the second, third, and fourth causes of action in the complaint, since the viability of the second, third, and fourth causes of action was not an issue presented in the plaintiff's motion papers (*see Dunham v Hilco Constr. Co.,* 89 NY2d 425, 427 [1996]).

The parties' stipulation of settlement, set forth on the record in open court on October 7, 2004, stated that the parties had been made aware of the Child Support Standards Act (hereinafter CSSA) and stated the amount of basic child support pursuant to the CSSA was $861 per month, which was less than the $900 per month awarded. However, the stipulation did not recite that the parties were aware that the application of the CSSA guidelines would result in the calculation of the presumptively correct amount of support and the parties' reasons for their departure from the guidelines (*see* Domestic Relations Law § 240

[1-b] [h]). Domestic Relations Law § 240 (1-b) (h) requires these specific recitals, which were not in the parties' stipulation. The recitals in the findings of fact and conclusions of law and the judgment of divorce cannot rectify these defects since those documents were prepared and submitted by the attorney for the defendant approximately 11 months after the stipulation was entered into (*see Matter of Sievers v Estelle,* 211 AD2d 173 [1995]).

Accordingly, the provision of the stipulation of settlement which awarded basic child support in the sum of $900 per month is not enforceable and must be vacated (*see Calian v Calian,* 28 AD3d 506, 507 [2006]). Similarly, the provision of the parties' stipulation which provided that "[t]he parties will split all future unreimbursed medical expenses for the children" must be set aside on the ground that that obligation is "directly connected with the basic child support calculation" (*Cimons v Cimons,* 53 AD3d 125, 130 [2008]). However, it does not appear from this record that the basic child support provision was intertwined with other provisions of the stipulation, which included custody and visitation, equitable distribution of property, and a waiver of maintenance based upon equitable distribution of property (*id.*; *cf. Lepore v Lepore,* 276 AD2d 677, 678 [2000]). Accordingly, only the provisions awarding the defendant basic child support in the sum of $900 per month, and the provision which states that "[t]he parties will split all future unreimbursed medical expenses for the children," must be set aside. Fisher, J.P., Miller, McCarthy and Chambers, JJ., concur.