■ In the Matter of HOLLIE V. LEVISON, Respondent, v DOUGLAS G. TRINKLE, Appellant. [894 NYS2d 504]—

In a support proceeding pursuant to Family Court Act article 4, the father appeals, as limited by his brief, from stated portions of an order of the Family Court, Orange County (Klein, J.), entered November 6, 2008, which, inter alia, denied his objections to so much of an order of the Family Court, Orange County (Braxton, S.M.), entered July 16, 2008, as denied those branches of his motion which were to vacate so much of an order of the same court (Braxton, S.M.), entered April 24, 2006, as, upon a stipulation of the parties, directed the father to pay $20,000 in child support "up front" by March 30, 2006, and directed him to pay 100% of the child's college expenses.

Ordered that the order entered November 6, 2008, is modified, on the law, by deleting the provision thereof denying the appellant's objection to so much of the order entered July 16, 2008, as denied that branch of his motion which was to vacate so much of the order entered April 24, 2006, as, upon the stipulation of the parties, directed the appellant to pay 100% of the child's college expenses, and substituting therefor a provision granting that objection and granting that branch of the motion; as so modified, the order entered November 6, 2008, is affirmed insofar was appealed from, without costs or disbursements.

In 2005, the mother petitioned for child support for the parties' child, who was born on December 19, 2002. On February 15, 2006, the parties, who were not represented by counsel, entered into a written agreement whereby they would share custody of their daughter. The agreement further provided that "[u]pon acceptance of this agreement [the mother] will receive $20,000 dollars up front," and thereafter would receive an additional lump-sum payment of $20,000. The mother would also receive $30,000 payable in monthly installments of $166.67, over a period of 15 years. The parties agreed that "[t]he father will be supporting [the child's] college expenses."

On March 1, 2006, the parties, both acting pro se, entered into an oral stipulation before a Support Magistrate. Both parties acknowledged that they had no income. The written agreement was presented to the court, and the father noted that "[o]n acceptance of this agreement," the mother would receive $20,000 "up front," another lump-sum payment of $20,000, and another $30,000 payable over a period of 15 years at $166.67 monthly. When the father noted that the agreement provided that he "will be supporting [the child's] college expenses," the court asked "you will pay for all the college expenses?" and the

father replied "Yes." These provisions were incorporated into the order of the Support Magistrate entered April 24, 2006.

When the father failed to pay the initial lump-sum payment of $20,000, and failed to make all of his monthly payments, the the mother petitioned for enforcement and, in an order dated January 8, 2007, was awarded a money judgment for child support arrears in the sum of $20,991.69, an attorneys' fee in the sum of $360, and interest at the statutory rate accruing from December 14, 2006.

The father moved pro se to vacate the order dated January 8, 2007, "and any subsequent and former orders." He contended that the parties' initial agreement as to child support was not based upon the Child Support Standards Act (see Family Ct Act § 413; hereinafter the CSSA), and the parties were not aware of the CSSA at the time they entered into the agreement. By order entered July 16, 2008, the Support Magistrate denied the father's motion on the grounds, inter alia, that his motion was untimely, and the father agreed to pay the amounts in issue.

The father filed objections to that order. The Family Court, in the order appealed from, granted his objections to so much of the order entered July 16, 2008, as denied those branches of his motion which were to vacate the provision of the order entered April 24, 2006, which, in effect, set his basic child support obligation at $166.67 per month, and the provision directing the father to make a second lump-sum payment of $20,000, on the ground that the parties, when they entered into the stipulation as to child support, did not acknowledge that they were aware of the CSSA, did not set forth in the stipulation what the CSSA amount would be, and did not specify their reasons for departing from the CSSA (see Baranek v Baranek, 54 AD3d 789 [2008]). However, the Family Court declined to set aside the provisions of the stipulation which directed the father to pay the initial lump sum of $20,000, and 100% of the child's college expenses. The Family Court noted that "[t]he tuition portion of a child's college expenses is an add-on education expense which is considered separately from the initial calculation of child support for basic need," which can survive, even if the stipulation as to basic child support is vacated (see Cimons v Cimons, 53 AD3d 125, 133-136 [2008]).

A stipulation as to child support must recite (1) that the parties were aware of the provisions of the CSSA, (2) that application of the CSSA would presumptively result in the correct amount of child support, and (3) if the stipulation deviates from the CSSA amount, the amount of the deviation and the reason therefor (see Domestic Relations Law § 240 [1-b] [h]; Family Ct

Act § 413 [1] [h]; *Baranek v Baranek*, 54 AD3d 789 [2008]). In the instant case, the stipulation between the parties entered into before the Support Magistrate on March 1, 2006, did not comply with these opting-out provisions.

However, since the $20,000 initial payment has already been reduced to a money judgment, it is not subject to modification (*see* Family Ct Act § 460 [3]; *Matter of Niagara County Dept. of Social Servs. v Ramo P.*, 234 AD2d 944 [1996]). Thus, the father's sole remedy, if any, with respect to that sum is by way of a plenary action (*see Dudla v Dudla*, 304 AD2d 1009 [2003]; *cf. Luisi v Luisi*, 6 AD3d 398 [2004]).

The Family Court should have granted the father's objection to so much of the order entered July 16, 2008, as denied that branch of his motion which was to vacate so much of the order entered April 24, 2006, as, upon the stipulation of the parties, directed him to pay 100% of college expenses. As this court noted in *Cimons v Cimons* (53 AD3d at 131), educational expenses are awarded "as justice requires," in the discretion of the court (Family Ct Act § 413 [1] [c] [7]). "Since the award of educational expenses is within the court's discretion, it is frequently problematic to conclude that an agreement on college expenses deviates from, or opts out of, the CSSA. Nonetheless, a college expense provision might be found, under certain circumstances, to deviate from the CSSA, such as where an apportionment of costs, or the amount of support to be provided, is so unjust that the provision should be vacated for failure to satisfy the CSSA" (*Cimons v Cimons*, 53 AD3d at 132). Other issues to consider are whether the financial provisions are so intertwined that vacatur of one provision requires vacatur of another provision not directly connected with basic child support (*id.* at 129-131). In the instant case, the parties did not distinguish between college tuition and other college expenses such as room and board, which are duplicative of basic child support (*see Wortman v Wortman*, 11 AD3d 604, 607 [2004]), and there is nothing in the agreement separating the obligation to pay college expenses from the support provisions. It is thus apparent that the father's obligations to support his daughter were so intertwined with each other that his obligation to pay college expenses should be vacated along with the basic child support award (*cf. Cimons v Cimons*, 53 AD3d at 133).

The father's remaining contentions are without merit. Fisher, J.P., Florio, Belen and Austin, JJ., concur.