■ ALAN L. BUSHLOW, Respondent, v ABBY LYNN BUSHLOW, Appellant. [932 NYS2d 132]—

Contrary to the plaintiff's contention, the parties' so-ordered stipulation of settlement dated January 26, 2009, which was incorporated, but not merged, into the judgment of divorce, did not comply with the requirements of the Child Support Standards Act (hereinafter the CSSA; *see* Domestic Relations Law § 240 [1-b] [h]; *see generally Cimons v Cimons*, 53 AD3d 125, 127-131 [2008]). The stipulation did not recite that the parties were advised of the provisions of the CSSA, and that the basic child support obligation provided for therein would presumptively result in the correct amount of support to be awarded (*see* Domestic Relations Law § 240 [1-b] [h]; *cf. Pellot v Pellot*, 305 AD2d 478, 480 [2003]). "[A] party's awareness of the requirements of the CSSA is not the dispositive consideration under the statute" (*Lepore v Lepore*, 276 AD2d 677, 678 [2000]). Moreover, the parties' prorated shares of child care expenses and future reasonable unreimbursed health care expenses deviated from the CSSA guidelines, since they were not calculated based upon the parties' "gross (total) income as should have been or should be reported in the most recent federal income tax return" (Domestic Relations Law § 240 [1-b] [b] [5] [i]; [c] [1]; *see Cimons v Cimons*, 53 AD3d at 131; *cf. Matter of Schaller v Schaller*, 279 AD2d 525, 526 [2001]). Thus, the stipulation was required to contain the additional recitals setting forth, inter alia, the amount that the basic child support obligation would have been under the CSSA (*see* Domestic Relations Law § 240 [1-b] [h]; *Jessup v LaBonte*, 289 AD2d 295, 295 [2001]; *cf. Vernon v Vernon*, 239 AD2d 108, 109 [1997]).

Since the so-ordered stipulation of settlement did not contain the specific recitals mandated by the CSSA, its provisions, insofar as they concern the plaintiff's basic child support payment and "add-ons" for child care and unreimbursed health care expenses, are not enforceable (*see Cimons v Cimons*, 53 AD3d at 129-131). Accordingly, the Supreme Court should not have incorporated them into the judgment of divorce. However, contrary to the plaintiff's contention, the remaining provisions of the so-ordered stipulation, and the parties' open-court stipulation entered into on September 9, 2008, continue to be enforceable. The record does not support a finding that these provisions were closely intertwined with the basic child support provisions; (*see Baranek v Baranek*, 54 AD3d 789, 791 [2008]; *Cimons v Cimons*, 53 AD3d at 131-136; *Warnecke v Warnecke*, 12 AD3d 502, 504 [2004]).

In light of the foregoing, the matter must be remitted to the Supreme Court, Queens County, for a determination of the basic child support obligation, including the parties' prorated

contributions towards child care and reasonable unreimbursed health care expenses, in accordance with the CSSA (*see Cardinal v Cardinal*, 275 AD2d 756, 758 [2000]).

The parties' remaining contentions are without merit. Dillon, J.P., Eng, Sgroi and Miller, JJ., concur.