ALAN L. BUSHLOW, Respondent, v ABBY LYNN BUSHLOW, Appellant. [932 NYS2d 134]—

Since the provisions of the parties' so-ordered stipulation of settlement dated January 26, 2009, concerning child support "add-ons" relating to child care and unreimbursed medical expenses are not enforceable and should not have been incorporated into the judgment of divorce (*see Bushlow v Bushlow,* 89 AD3d 663 [2011]), the Supreme Court should not have directed the defendant to commence payment of her share of such "add-ons" pursuant to the stipulation, and to pay arrears related to them. Accordingly, the matter must be remitted to the Supreme Court, Queens County, for a recalculation of the defendant's arrears relating to child care and reasonable unreimbursed health care expenses, insofar as substantiated by the plaintiff (*see Matter of Mayer v Strait,* 251 AD2d 713, 715 [1998]), following the court's determination of the basic child support obligation in accordance with the Child Support Standards Act (*see Bushlow v Bushlow,* 89 AD3d 663 [2011]; *see also Donovan v Szlepcsik,* 52 AD3d 563, 564 [2008]; *Irene v Irene,* 41 AD3d 1179, 1181 [2007]).

The parties' remaining contentions have been rendered academic in light of our determination, are not properly before this Court, or are without merit. Dillon, J.P., Eng, Sgroi and Miller, JJ., concur.