Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered on or about August 10, 2011, which, insofar as appealed from, upon renewal of plaintiffs cross motion to enforce a settlement agreement, partially granted the cross motion, unanimously reversed, on the law, without costs, and the cross motion denied in its entirety.
An agreement purporting to opt out of the basic child support obligations set forth in the Child Support Standards Act (CSSA) must “include a provision stating that the parties have been advised of the provisions of [the CSSA],” must specify the amount that the basic child support obligation would have been, and the reason or reasons for the deviation (Family Ct Act § 413 [1] [h]; Domestic Relations Law § 240 [1-b] [h]; see Baranek v Baranek, 54 AD3d 789 [2d Dept 2008], lv dismissed 14 NY3d 903 [2010]).
“Such provision may not be waived by either party or counsel” (Family Ct Act § 413 [1] [h]; Domestic Relations Law § 240 [1-b] [h]; see Blaikie v Mortner, 274 AD2d 95, 99-101 [1st Dept 2000]; Matter of Burnside v Somerville, 202 AD2d 1064 [4th Dept 1994]).
Here, both the settlement agreement and the subject order effectuating it failed to recite that the parties were aware of the CSSA guidelines, failed to set forth the basic child support obligation, and failed to set forth the reasons for deviating from the guidelines (see Family Ct Act § 413 [1] [h]; Domestic Relations Law § 240 [1-b] [h]; Baranek, 54 AD3d at 790-791; Matter of Michelle W. v Forrest James P., 218 AD2d 175 [4th Dept 1996]).
*495 Although the invalidity of a child support provision does not necessarily invalidate the agreement in its entirety (see e.g. Cimons v Cimons, 53 AD3d 125, 129 [2d Dept 2008]), the agreement at issue cannot be salvaged by deeming it divisible for partial illegality and severing and enforcing the provisions that do not pertain to child support. The provisions pertaining to child support constituted the main objective of the agreement, or the bargained-for consideration inducing defendant to agree to the remainder of the agreement, including the injunctive provisions (see e.g. Georgia Props., Inc. v Dalsimer, 39 AD3d 332, 334 [1st Dept 2007]; cf. Baranek, 54 AD3d at 791). Concur— Friedman, J.P., Acosta, Renwick, Richter and Roman, JJ.