■ GEORGE NTOURMAS, Respondent, v ERENE NTOURMAS, Appellant. [3 NYS3d 617]—

In an action, inter alia, to vacate the child support provisions set forth in a stipulation of settlement and judgment of divorce, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Jones, Jr., J.), entered May 1, 2013, as granted those branches of the plaintiff's motion which were to vacate the provisions in the stipulation of settlement and judgment of divorce relating to child support and child support "add-ons," and to vacate any orders or money judgments enforcing those provisions, and denied that branch of her motion which was pursuant to CPLR 3211 (a) to dismiss the complaint.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff commenced this action to vacate the parties' stipulation of settlement and judgment of divorce which set forth, inter alia, the plaintiff's child support obligations. The plaintiff moved, inter alia, to vacate the child support and child support "add-on" provisions of the stipulation and judgment of divorce, and to vacate any orders or money judgments enforcing those provisions. The Supreme Court granted those branches of the motion, and referred the matter for a determination of the child support and child support add-on obligations. The court also denied that branch of the defendant's motion which was pursuant to CPLR 3211 (a) to dismiss the complaint.

The Supreme Court properly determined that the stipulation

of settlement failed to comply with Domestic Relations Law § 240 (1-b) (h), and that the provisions of the stipulation relating to child support and child support add-ons were invalid (*see Cimons v Cimons*, 53 AD3d 125 [2008]; *Arato v Arato*, 15 AD3d 511 [2005]; *Backhaus v Backhaus*, 288 AD2d 411 [2001]; *Tolchin v Freeman*, 275 AD2d 452 [2000]). Accordingly, the court properly granted those branches of the plaintiff's motion which were to vacate those provisions as well as any orders or money judgments enforcing those provisions.

The defendant's remaining contentions are without merit. Mastro, J.P., Austin, Cohen and Barros, JJ., concur.