■ JEANNE ALMEIDA, Appellant-Respondent, v DANIEL ALMEIDA, Respondent-Appellant. [33 NYS3d 362]—

Appeal on the ground of inadequacy and cross appeal from a money judgment of the Supreme Court, Westchester County (Linda Christopher, J.), dated February 4, 2014. The money judgment, upon an order of the same court (Colleen D. Duffy, J.) dated December 5, 2013, is in favor of the plaintiff and against the defendant in the principal sum of $332,745.85.

Ordered that the money judgment is affirmed, without costs or disbursements.

The plaintiff and the defendant were married in 1987 and have five children. The plaintiff commenced this action for a divorce and ancillary relief in 2010. The parties entered into a stipulation of settlement on December 9, 2011, which was incorporated but not merged into the judgment of divorce dated February 22, 2012.

The stipulation provided that distribution of marital property was to be set forth in the schedule initialed and dated by each of the parties as of December 9, 2011, which was marked as court exhibit 1. The stipulation further stated that, "as the parties anticipate, adjustments will need to be made to the distribution of assets as outlined in the schedule Court Exhibit 1." The parties agreed to "place $300,000 . . . in escrow . . . until the funds have been distributed in order to ensure that the defendant receives a total of $6,856,000 and the plaintiff receives the real estate assets and the remaining liquid assets." In addition, each party was to receive one half of the sum

of the growth, earnings, and deposits in the parties' five Morgan Stanley Smith Barney (hereinafter Morgan Stanley) accounts referenced in court exhibit 1, from October 1, 2011, through the date of the division of the assets.

In 2013, the plaintiff moved to direct the defendant to pay her the sum of $519,153, consisting of, among other things, an alleged overpayment made to the defendant in the distribution of marital assets, the plaintiff's share of income tax refunds kept by the defendant, and child support add-ons, and for attorney's fees. Subsequently, the defendant moved to direct the plaintiff to reimburse him in the sum of $12,801.46 for the plaintiff's share of educational, medical, and extracurricular expenses for the children, to direct Morgan Stanley to distribute the $300,000 escrow account in equal amounts to the plaintiff and the defendant, and for attorney's fees. By order dated December 5, 2013, the Supreme Court noted that it had previously directed the distribution of the escrow account to the plaintiff, and further granted, in part, and denied, in part, the remaining relief requested by the parties. On February 4, 2014, a money judgment was entered upon that order in favor of the plaintiff and against the defendant in the principal sum of $332,745.85. The plaintiff appeals on the ground of inadequacy and the defendant cross-appeals from the money judgment.

It is undisputed that the defendant's share of the growth of the Morgan Stanley accounts was $237,258. It is also undisputed that the defendant received a distribution of assets totaling $7,491,410. However, the stipulation specifically states that the defendant was to receive a total distribution of $6,856,000 plus one half of the growth of the Morgan Stanley accounts. Thus, the Supreme Court properly determined that the plaintiff was entitled to a payment of $398,152, representing the amount distributed to the defendant in excess of the sum of $6,856,000 and $237,258. Contrary to the defendant's contention, the plaintiff did not agree to a total distribution of $7,491,410.

Contrary to the plaintiff's contentions, the Supreme Court properly determined that the defendant was entitled to a payment of $57,719.37, representing half of a 2008 joint tax return refund received by the plaintiff in May of 2010 and deposited into her separate checking account (*see Hymowitz v Hymowitz*, 119 AD3d 736, 742 [2014]). The stipulation specifically provided that any past or present joint tax refunds were to be shared equally by the parties.

The Supreme Court also properly denied some of the plaintiff's claims for reimbursement for the child support add-

ons. While we disagree with the court that tennis was not an agreed-upon extracurricular activity, since both the defendant and the plaintiff sought reimbursement for tennis-related expenses, the court properly found that the plaintiff either did not substantiate the tennis expenses (*see Matter of Mayer v Strait*, 251 AD2d 713, 715 [1998]; *see also Bushlow v Bushlow*, 89 AD3d 665, 666 [2011]) or claimed expenses that were not contemplated by the stipulation.

The Supreme Court providently exercised its discretion in denying both parties' requests for attorneys' fees (*see* Domestic Relations Law §§ 238, 237 [b]; *Mollah v Mollah*, 136 AD3d 992, 994 [2016]; *Klepp v Klepp*, 44 AD3d 625, 625-626 [2007]).

The defendant's contention regarding that branch of his motion which sought to distribute the $300,000 escrow account in equal amounts to the plaintiff and the defendant is not properly before this Court, as the order dated December 5, 2013, upon which the money judgment was based, did not determine that branch of the defendant's motion.

The parties' remaining contentions are without merit. Rivera, J.P., Austin, Roman and Brathwaite Nelson, JJ., concur.