[36 NYS3d 28]

Anonymous, Respondent, v Anonymous, Appellant.

First Department, August 4, 2016

APPEARANCES OF COUNSEL

*Raoul Felder and Partners*, New York City (*Michael N. Klar* of counsel), for appellant.

*Gregory Rabinowitz, P.C.*, Jericho (*Gregory Rabinowitz* of counsel), for respondent.

**OPINION OF THE COURT**

ACOSTA, J.

At issue in this case is the validity of a preliminary conference (PC) order directing defendant to pay $250 weekly in temporary maintenance that deviates from the presumptive award of temporary maintenance and does not specify the reasons for the deviation or the amount that the presumptive award of temporary maintenance would have been in accordance with Domestic Relations Law former § 236 (B) (5-a) (in effect at the relevant time). For the reasons stated below, we find the PC order invalid. Accordingly, Supreme Court properly considered de novo plaintiff's application for an upward modification; the court also properly ordered defendant to pay plaintiff temporary maintenance in the sum of $7,500 per month.

Plaintiff wife and defendant husband were married on August 19, 2006. They have one eight-year-old son. The marital residence is an apartment in Manhattan, which defendant purchased with an inheritance from his uncle. Plaintiff worked as a professional model before her son was born, earning between $80,000 and $100,000 annually; she has not worked outside of the home since the child was born. Defendant did not work during the marriage; he supported the family with the annual returns on his investments, which averaged about $170,000 annually.

Plaintiff commenced this action for divorce and ancillary relief in June 2011. On October 5, 2011, the parties met for a preliminary conference and signed a preliminary conference

stipulation, which was so-ordered by the court. The PC order directed defendant to pay temporary maintenance of $250 per week, plaintiff's cell phone expenses up to 1,000 minutes, all fixed and other household expenses, and all costs of the child, including but not limited to private nursery school tuition and health costs.

On August 28, 2014, the court entered an order of protection against defendant, directing him to stay away from plaintiff at all times. Defendant no longer lives in the marital residence with plaintiff and the child.

Plaintiff moved for an upward modification of pendente lite spousal maintenance. In her affidavit in support of the motion, plaintiff argued that a substantial change of circumstances had occurred, since the parties no longer lived together in the marital apartment, pursuant to the order of protection. She also asserted that her attorney had recently received a subpoena response from defendant's bank, and the bank records showed that defendant had received large deposits into his account totaling more than $307,000 between January and August 2014. Defendant also had made several large cash withdrawals between February and July 2014, totaling about $55,300, and had written numerous large checks for as much as $50,000 each. Plaintiff detailed defendant's considerable, almost daily expenditures at high-end restaurants, sometimes amounting to hundreds or thousands of dollars. She further noted that the bank records did not reflect the monthly maintenance that defendant paid on the marital apartment, which amounted to about $50,000 annually, and urged that that income be imputed to defendant. Accordingly, plaintiff argued that the minimum annual income that could be imputed to defendant was $510,500 per year (without even accounting for his expenditures when he was abroad). She asserted that applying the maintenance formula to this sum yielded a weekly maintenance obligation of $2,945.19 and that applying the statutory formula for calculating child support to defendant's proposed imputed income of $510,500 resulted in an adjusted child support obligation of $1,168.25 per week. Plaintiff requested an immediate award, emphasizing that "[i]t is unfair that the Defendant can spend hundreds of thousands of dollars on lawyers, restaurants, travel and wine and I need to borrow money to take our son to the movies or even buy laundry detergent." She also stated that defendant paid her $250 weekly maintenance late almost every week, and had allowed

the cable, Internet, house phone and her cell phone to be shut off for nonpayment every few months.

As an exhibit to her affidavit, plaintiff attached an updated statement of her net worth showing total monthly expenses of $22,452 and no income.

In opposition to the motion, defendant argued, among other things, that plaintiff had not identified any "substantial undisclosed funds" and that any perceived inequities in the pendente lite maintenance and child support could best be remedied by a speedy trial. He noted that plaintiff's updated statement of net worth was more than one year and nine months old and that he was paying many of the expenses cited. He also took issue with plaintiff's $2,150 monthly expense for groceries, her $2,500 monthly expense for dining out, her $1,500 monthly expense for alcohol, and her $1,000 monthly expense for clothing for herself. Defendant stated that this prolonged litigation had forced him to spend his savings and to borrow against a brokerage account and that the deposits into his bank account cited by plaintiff were transfers from his brokerage account, made for the payment of the parties' legal fees and living.

The motion court concluded that the PC order, which directed defendant to pay plaintiff $250 weekly in temporary maintenance, was unenforceable, because it did not state that the parties were advised of the temporary maintenance calculations under Domestic Relations Law former § 236 (B) (5-a), did not state the presumptive amount pursuant to that calculation, and did not state the reason for deviating from that amount. Moreover, the court determined that the entire stipulation was invalid, because its remaining financial terms were intertwined with the temporary maintenance terms.

The court next calculated the appropriate temporary maintenance, applying the formula set forth in the Domestic Relations Law, which is based on the parties' gross income. It noted that neither party submitted tax returns in connection with this motion, but that in connection with one of the other motions under consideration, defendant submitted tax returns for 2009 through 2013, which report his adjusted gross income in each of those years as between $50,000 and $60,000. The court found these tax returns not to be credible, because defendant stated in an affidavit that in 2011 he had income from his investments of about $150,000 to $170,000 annually. Defendant had also submitted a letter from his accountant estimating

his 2014 income at $300,000. Accordingly, the court deemed defendant's income to be $300,000 for the purposes of calculating temporary maintenance. With respect to plaintiff's income, plaintiff claimed to have none, and defendant did not dispute that assertion. Taking into account the 17 factors enumerated in Domestic Relations Law former § 236 (B) (5-a) (e) (1), and noting that the parties enjoyed a comfortable lifestyle and that neither party worked during the marriage, the court concluded that defendant must pay plaintiff temporary maintenance in the sum of $7,500 per month, retroactive to the date of plaintiff's motion. The court clarified that that sum was intended to cover all of plaintiff's reasonable expenses, including housing; thus, the court did not order defendant to pay any expenses to third parties on plaintiff's behalf, such as the maintenance fees on the marital apartment, which he had been paying.

·On appeal, defendant argues that the court erred as a matter of law when it found the entire PC order to be invalid and unenforceable, because the court incorrectly equated the PC order with a "validly executed agreement." We disagree.

The preliminary conference stipulation voluntarily entered into between the parties and so-ordered by the court on October 5, 2011, is invalid as a matter of law, because it fails to comply with the requirements of Domestic Relations Law former § 236 (B) (5-a) (f). That statute required that, where, as here, a

> "validly executed agreement or stipulation voluntarily entered into between the parties in an action commenced [on or after October 12, 2010] . . . deviates from the presumptive award of temporary maintenance, the agreement or stipulation must specify the amount that such presumptive award of temporary maintenance would have been and the reason or reasons that such agreement or stipulation does not provide for payment of that amount" (former Domestic Relations Law § 236 [B] [5-a] [f]).

This provision of the statute "may not be waived by either party or counsel" (id.).

Our holding is supported by cases interpreting the Child Support Standards Act (CSSA) (Domestic Relations Law § 240 [1-b]˙ [h]), which contains a virtually identical recital requirement. Agreements opting out of the basic child support obligations under the CSSA but not containing the foregoing recitals have been found to be invalid (*David v Cruz*, 103 AD3d 494

[1st Dept 2013]; *Bushlow v Bushlow*, 89 AD3d 663 [2d Dept 2011]; *Cimons v Cimons*, 53 AD3d 125 [2d Dept 2008]).

Because the temporary maintenance terms in the PC order deviated from the presumptive award of temporary maintenance without providing the statutorily required recitals, the terms are unenforceable (*see David v Cruz*, 103 AD3d 494 [2013]; *Bushlow v Bushlow*, 89 AD3d at 664). Moreover, because the remaining terms of the PC order are intertwined with the temporary maintenance terms, the entire order is invalid (*see David v Cruz*, 103 AD3d at 495; *Bushlow v Bushlow*, 89 AD3d at 664). Accordingly, the motion court correctly calculated the temporary maintenance award de novo, rather than considering plaintiff's application for upward modification based on the award set forth in the PC order. In addition, the court properly calculated the award based on the procedure set forth in the Domestic Relations Law (*see* Domestic Relations Law former § 236 [B] [5-a]; *Khaira v Khaira*, 93 AD3d 194, 197-198 [1st Dept 2012]).

Accordingly, the order of the Supreme Court, New York County (Deborah A. Kaplan, J.), entered April 1, 2015, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for an upward modification of the temporary maintenance awarded in a preliminary conference order to the extent of ordering defendant to pay plaintiff temporary maintenance in the sum of $7,500 per month, should be affirmed, without costs.

Mazzarelli, J.P., Saxe, Kapnick and Kahn, JJ., concur.

Order, Supreme Court, New York County, entered April 1, 2015, affirmed, without costs.