■ LAUREN YOUNG, Respondent, v PATRICK YOUNG, Appellant. [36 NYS3d 507]—

Appeal by the defendant from an order of the Supreme Court, Richmond County (Peter Fuller De Lizzo, Ct. Atty. Ref.), dated August 11, 2014. The order, insofar as appealed from, denied that branch of the defendant's motion which was to set aside a stipulation of settlement.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was to vacate the child support provision of the parties' stipulation of settlement for failure to comply with the Child Support Standards Act and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant, and the matter is remitted to the Supreme Court, Richmond County for a determination of the defendant's child support obligations in accordance with the Child Support Standards Act and the defendant's obligation to pay college tuition and other expenses for the parties' youngest child.

The plaintiff commenced this action for a divorce and ancillary relief in 2009 after more than 30 years of marriage. On March 5, 2013, the parties entered into a written stipulation of settlement resolving, among things, equitable distribution of the parties' assets and payment of child support for the parties' youngest child. The stipulation of settlement provides, in article XVIII, that if a provision of the stipulation of settlement is found to be invalid and unenforceable, the other provisions remain valid and enforceable.

Prior to entry of a judgment of divorce, the defendant moved, inter alia, to vacate the stipulation of settlement on the grounds that it was unconscionable and the result of fraud, duress, and overreaching, or, in the alternative, to vacate the provision of the stipulation of settlement requiring him to pay support for the parties' youngest child on the ground that it failed to comply with the Child Support Standards Act (Domestic Relations Law § 240 [1-b] [hereinafter the CSSA]). The Supreme Court, among other things, denied the branch of

the defendant's motion which was to vacate the stipulation of settlement.

The child support provision of the stipulation of settlement fails to comply with the CSSA. Domestic Relations Law § 240 (1-b) (h) requires a stipulation of settlement providing for a parent's obligation to pay basic child support to contain recitals that the parties were advised of the CSSA and "that the basic child support obligation provided for therein would presumptively result in the correct amount of child support to be awarded." In the event that the stipulation of settlement deviates from the basic child support obligation provided for in the CSSA, the stipulation must also "specify the amount that such basic child support obligation would have been and the reason or reasons that such agreement or stipulation does not provide for payment of that amount" (Domestic Relations Law § 240 [1-b] [h]). Child support provisions in stipulations or agreements that do not contain these recitals are invalid and unenforceable (*see Ntourmas v Ntourmas*, 126 AD3d 957, 958 [2015]; *O'Hanlon v O'Hanlon*, 114 AD3d 915, 917 [2014]; *Rockitter v Rockitter*, 113 AD3d 745, 746 [2014]).

Here, the child support provision in the parties' stipulation of settlement did not include a calculation of basic child support pursuant to the CSSA or a recital that such calculation would result in the presumptively correct amount of child support (*see O'Hanlon v O'Hanlon*, 114 AD3d at 917; *Bushlow v Bushlow*, 89 AD3d 663, 664 [2011]; *Warnecke v Warnecke*, 12 AD3d 502, 503-504 [2004]). In addition, that provision makes no distinction between the defendant's obligation to pay basic child support and his obligation to pay other support for the child not required by statute, such as the child's college tuition and other expenses incurred by the child after his 21st birthday. Rather, these expenses are grouped together as part of the defendant's whole child support obligation (*see Matter of Levison v Trinkle*, 70 AD3d 827, 830 [2010]). Because the child support provision does not contain all of the recitals mandated by the CSSA, and the defendant's obligation to pay basic child support and his obligation to pay the child's college tuition and other expenses are inextricably intertwined, the entire child support provision must be vacated for failure to comply with the CSSA (*see* Domestic Relations Law § 240 [1-b] [h]; *Matter of Levison v Trinkle*, 70 AD3d at 830; *cf. Bushlow v Bushlow*, 89 AD3d at 664; *Baranek v Baranek*, 54 AD3d 789, 791 [2008]). However, the other provisions of the stipulation of settlement remain valid and enforceable pursuant to article XVIII (*see e.g. Taft v Taft*, 156 AD2d 444 [1989]; *see also Christian v Christian*,

42 NY2d 63 [1977]; *Lanza v Carbone*, 130 AD3d 689, 693 [2015]; *Schiff v Schiff*, 270 App Div 845, 846 [1946]).

Accordingly, the Supreme Court erred in denying that branch of the defendant's motion which was to vacate the child support provision of the stipulation of settlement for failure to comply with the CSSA.

The defendant's remaining contentions are without merit. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.