Vasileva v Christy (2021 NY Slip Op 04053)





Vasileva v Christy


2021 NY Slip Op 04053


Decided on June 23, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-10731
 (Index No. 988/13)

[*1]Tsveta Vasileva, appellant,
v
Anthony N. Christy, respondent.


A. A. Castro C.L.A.N., PLLC, New York, NY (Angel A. Castro III of counsel), for appellant.
Sager Gellerman Eisner, LLP, Forest Hills, NY (Alyssa Eisner of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from a judgment of divorce of the Supreme Court, Queens County (Margaret P. McGowan, J.), entered June 27, 2018. The judgment of divorce, upon an order of the same court dated January 11, 2018, inter alia, granting that branch of the defendant's cross motion which was for an award of counsel fees and awarding the defendant counsel fees in the sum of $5,000, and upon findings of fact and conclusions of law dated May 24, 2018, insofar as appealed from, incorporated, but did not merge, the provisions of an oral stipulation of settlement entered into in open court on June 16, 2017, and thereupon, among other things, awarded the plaintiff the sum of only $2,050 per month in basic child support and directed the parties to pay pro rata shares of statutory add-on expenses, including unreimbursed medical expenses, educational expenses, and any extra curricular activity expenses incurred on behalf of the child, as well as daycare expenses to enable the custodial parent to work.
ORDERED that the judgment is modified, on the law, (1) by deleting the provisions thereof incorporating, but not merging, the provisions of the oral stipulation of settlement entered into in open court on June 16, 2017, insofar as they concern basic child support and statutory add-on expenses, including unreimbursed medical expenses, educational expenses, and any extra curricular activity expenses incurred on behalf of the child, as well as daycare expenses to enable the custodial parent to work, (2) by deleting the provision thereof awarding the plaintiff the sum of only $2,050 per month in basic child support, (3) by deleting the provision thereof directing the parties to pay pro rata shares of all statutory add-on expenses, including unreimbursed medical expenses, educational expenses, and any extra curricular activity expenses incurred on behalf of the child, as well as daycare expenses to enable the custodial parent to work, and (4) by deleting the provision thereof adjudging the stipulation of settlement to be in compliance with Domestic Relations Law § 240(1-b)(h), for the reasons set forth in the findings of fact and conclusion of law; as so modified, the judgment of divorce is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a determination, in accordance with the Child Support Standards Act, of the parties' child support obligations, including the parties' income and their respective pro rata shares of statutory add-on expenses, including unreimbursed medical expenses, educational expenses, and any extra curricular activity expenses incurred on behalf of the child, as well as daycare expenses to enable the custodial parent to work, and thereafter for the entry of an amended judgment of divorce, that branch of the defendant's cross motion which was for an award of attorney's fees is denied, and the order dated January 11, 2018, is modified accordingly; and it is further,
ORDERED that in the interim, the defendant shall continue to pay to the plaintiff child support in the sum of $2,050 per month and 49% of statutory add-on expenses, including unreimbursed medical expenses, educational expenses, and any extra curricular activity expenses incurred on behalf of the child, as well as daycare expenses to enable the custodial parent to work.
The parties were married in 2008, and have one child together. In 2013, the plaintiff commenced this action for a divorce and ancillary relief. On June 16, 2017, the parties, who were each represented by counsel, entered into an oral stipulation of settlement on the record, resolving the issues, inter alia, of equitable distribution, maintenance, custody, and child support. Thereafter, the plaintiff moved to vacate the stipulation of settlement on grounds of duress and the failure of the stipulation of settlement to comply with the requirements of the Child Support Standards Act (Domestic Relations Law § 240[1-b], hereinafter the CSSA). The defendant cross-moved, among other things, for an award of attorney's fees incurred in connection with the motion. By order dated January 11, 2018, the Supreme Court, inter alia, denied the plaintiff's motion, granted that branch of the defendant's cross motion which was for an award of attorney's fees, and awarded the defendant attorney's fees in the sum of $5,000. The provisions of the stipulation of settlement were thereafter incorporated but not merged into a judgment of divorce, which provided that each party was responsible for their own counsel fees. The plaintiff appeals.
"Stipulations of settlement, especially those whose terms are placed on the record in open court, are judicially favored, and absent a showing of fraud, overreaching, mistake, or duress, the stipulation should not be disturbed by the court" (Perry v McMahan, 164 AD3d 1490, 1491; see O'Hanlon v O'Hanlon, 114 AD3d 915, 916). Generally, a party seeking to void a stipulation on the grounds of duress "'must demonstrate that threats of an unlawful act compelled his or her performance of an act which he or she had the legal right to abstain from performing'" (Shah v Mitra, 171 AD3d 971, 976, quoting Polito v Polito, 121 AD2d 614, 615-616). "[T]he threat must be such as to deprive the party of the exercise of free will" (Polito v Polito, 121 AD2d at 615).
Here, the plaintiff failed to establish that she entered into the stipulation of settlement due to duress or coercion. Prior to entering into the stipulation of settlement, the plaintiff had the opportunity to consult with her attorney. In response to questions from the Supreme Court, she indicated that she understood the terms of the stipulation of settlement and that she was entering into the stipulation of settlement freely and voluntarily (see Cappello v Cappello, 274 AD2d 539). The plaintiff's contention that she felt pressured to settle by her attorney and by the court is insufficient to establish duress (see Shah v Mitra, 171 AD3d at 976; Desantis v Ariens Co., 17 AD3d 311, 311).
However, the stipulation of settlement did not contain the specific recitals mandated by the CSSA. Accordingly, the provisions of the stipulation of settlement, insofar as they concern the defendant's basic child support payment and statutory add-on expenses, including unreimbursed medical expenses, educational expenses, and any extra curricular activity expenses incurred on behalf of the child, as well as daycare expenses to enable the custodial parent to work, are not enforceable (see Domestic Relations Law § 240[1-b][h]; Ntourmas v Ntourmas, 126 AD3d 957, 958; O'Hanlon v O'Hanlon, 114 AD3d at 917; Bushlow v Bushlow, 89 AD3d 663, 664; Baranek v Baranek, 54 AD3d 789, 791).
Moreover, it cannot be determined from this record whether the child support award deviated from the CSSA guidelines (see O'Hanlon v O'Hanlon, 114 AD3d at 917; Bushlow v Bushlow, 89 AD3d at 664). The stipulation of settlement failed to recite the parties' incomes. Notably, the Supreme Court apparently imputed an annual income of $170,500 to the defendant for the purpose of calculating child support, although the basis for the imputation of income was not explained (see Pilkington v Pilkington, 185 AD3d 844, 846). The judgment of divorce incorporated by reference findings of fact and conclusions of law dated May 24, 2018, which attributed an annual income of just $55,438 to the defendant in calculating his pro rata share of the add-on expenses. As a result, the defendant was directed to pay only 49% of the add-on expenses. Accordingly, the matter must be remitted to the Supreme Court, Queens County, for new determinations, in accordance with the CSSA, of basic child support, the parties' incomes, and their respective pro rata shares of statutory add-on expenses, including unreimbursed medical expenses, educational expenses, and any extra curricular activity expenses incurred on behalf of the child, as well as daycare expenses to enable the custodial parent to work.
The remaining provisions of the stipulation of settlement, including those regarding equitable distribution, maintenance, and college tuition, continue to be enforceable. The record does not support a finding that these provisions were closely intertwined with the child support provisions (see Cohen v Cohen, 187 AD3d 707; Young v Young, 142 AD3d 612, 613; Bushlow v Bushlow, 89 AD3d at 664; Baranak v Baranak, 54 AD3d at 791; Cimons v Cimons, 53 AD3d 125, 135).
However, the Supreme Court improperly awarded counsel fees to the defendant, in light of the parties' agreement in the stipulation of settlement to bear their own counsel fees. It should be noted that a provision of the judgment so provides.
The plaintiff's remaining contentions are without merit.
RIVERA, J.P., HINDS-RADIX, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court